Louis W. Harris, Appellant from Award of Damages

*vs.*

City of South Portland.

Cumberland.    Opinion November 25, 1919.

*Dedication of streets.    Rule where lots are sold according to certain plans or plottings.*
*Rule where that part laid out as a street has not been accepted by the munici-*
*pality and has been occupied adversely.    Rights of way for which*
*damages have been paid being lost by adverse possession.*

In 1863 one Day owning a large tract of land in what is now South Portland, plotted it into several hundred lots and caused a plan to be made with several avenues delineated thereon, one of which was Adams Avenue.    At or about the time of plotting he sold several lots by reference to the plan, five of which abutted on Adams Avenue.    The plotted streets were never accepted by the municipality.

Between 1863 and 1866 Day sold about ninety lots, all with reference to this plan, and then conveyed the balance of the tract as an entirety by warranty deed without reserving any of the delineated streets, but excepting the lots previously sold.    The entire tract, with no streets opened, remained practically unchanged until 1918.

In 1869, one Merriam, the plaintiff's predecessor in ·title, obtained by warranty . deed title and possession of two of the five lots abutting on Adams Avenue which had been sold by Day previous to his sale of the remainder of the tract, and at some time prior to 1875 erected a fence enclosing said two lots and that part of Adams Avenue lying opposite thereto, using the whole as one lot.    From that time until 1918, a period of forty-five years, Merriam, and later the appellant, his grantee, have had open, notorious, continuous and exclusive possession of the fenced portion of Adams Avenue in connection with their lots.

In 1918, the defendant laid out a street over what had been plotted as Adams Avenue, but the municipal officers refused to award the appellant any damages for the taking.    From that decision this appeal was taken.

*Held:*

1.   The conveyance by Day of these two lots abutting on Adams Avenue, so-called, carried with it to the grantee a right of way in the proposed street which neither Day nor his successors in title could afterwards destroy or interfere with; and to the public an incipient dedication of the street which neither Day nor his successors in title could afterwards revoke.

2.   Such an incomplete dedication imposes no burden upon the municipality until the street is duly accepted by competent authority or the public has used it at least twenty years.   Neither of these events happened.

3.   The adverse possession by Merriam and his successor ripened into a title as against the successors to Day in the balance of the tract in whom was the fee of the street subject to the inchoate easement of travel in the public.

4.   So far as the municipality is concerned such incipient dedication must be accepted within a reasonable time in order to be effective.

5.   A period of forty-five years with no movement whatever on the part of the town or city toward acceptance is clearly beyond what could be deemed reasonable on the part of the municipality.

6.   In view of all the facts and circumstances the appellant had acquired title to the premises in question by adverse possession against the owners of the fee, and the city had no right of passage therein in 1918 because it had failed seasonably to accept the gift from the dedicators.

Appeal from the decision of Municipal Officers relative to awarding of damages for taking of certain lands for a street.   Reported to Law Court upon agreed statement.   Judgment in accordance with opinion.

Case stated in opinion.

*Frank H. Haskell,* for appellant.

*Edward H. Wilson, and William A. Connellan,* for appellee.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH,. C. J.   This is an appeal from the decision of the municipal officers of the city of South Portland because of their refusal to award any damages for the taking of certain land in said city in 1918 for a street.   The proceedings are all admitted to be regular.   The single point at issue is the title or interest of the petitioner in the land taken.

From the agreed statement of facts it appears that in 1863 one Day owned a large tract of land in the town of Cape Elizabeth, now South Portland, of which the premises described in the complainant's petition were a part.   In that year he plotted the land into several hundred lots, and caused a plan thereof to be made, with several streets or avenues delineated thereon, said plan being marked as "Days plan of East Portland."   One of said streets was named

Adams Avenue.   At the time of the original plotting in 1863, Day
sold several lots by reference to the plan, five of said lots abutting on
Adams Avenue, of which the complainant's were two, Nos. 35 and 36
in block 20.   The plotted streets were never accepted nor laid out by
the town of Cape Elizabeth, nor by the city of South Portland until
1918.   Between 1863 and 1866, Day sold about ninety lots, all with
reference to the same plan, and then conveyed the balance of the
tract as an entirety by warranty deed, without reserving any of the
streets plotted on said plan, but excepting the lots previously sold.
No lots have been sold since that time.   The entire tract, with no
streets opened, remained practically unchanged until 1918.

In 1869 one James Merriam, complainant's predecessor in title,
received title and possession by warranty deed of said lots 35 and 36,
block 20, and at some time prior to 1875 erected a fence enclosing said
lots and that part of Adams Avenue described in complainant's
petition as being a strip 112 feet in length and 36 feet in width, thereby
annexing to his purchased lots that portion of Adams Avenue lying
opposite thereto and using the whole as one lot.   Merriam and his
successors in title ever afterward kept and maintained said fence
continuously and used that portion of Adams Avenue as a part of
their garden, having open, notorious, continuous and exclusive
possession thereof and exercising dominion and control over it as thus
fenced, until the laying out of the new street by the city in 1918.
Merriam himself so retained and used both the lots and the disputed
tract for a period of over 34 years or until March 29, 1909, when he
conveyed all of said property, including the disputed piece, by
warranty deed to one Hutchins, and on the same day Hutchins con-
veyed all by warranty deed to the plaintiff, and their possession has
been of the same character and to the same extent as Merriam's.

Under this state of facts did the complainant acquire title to that
portion of the premises which had been originally delineated on the
plan as a part of Adams Avenue?   If so, he was entitled to damages,
which the parties have agreed should be four hundred dollars; if not,
then the decision of the municipal officers awarding no damage
should be sustained.

Concerning the legal effect of the conveyance of lots 35 and 36 by
Day in 1863 there can be no doubt.   His deed referring to the plan
of the plotted lots and streets, and bounding the lots conveyed by one
of those delineated streets carried with it to the grantee a right of way

in the street which neither Day nor his successors in title could after-. wards destroy or interfere with; and to the public an incipient dedication of the streets which neither the grantor nor his successors in title could afterwards revoke. *Bartlett* v. *Bangor*, 67 Maine, 460.

So far as the public is concerned this constitutes, however, only an incomplete dedication or a proposition to dedicate on the part of the owner, and imposes no burden upon the municipality until the street is duly accepted by competent authority or the public has used it for at least twenty years. In this case neither of these events happened. There was no acceptance by the town or city, nor was there any use in fact by the public. The land constituting the proposed street remained the same as when the plan was drafted except that from 1875 at least the portion opposite these two lots was appropriated and used by the grantee and his successors, and so continued to be used by them in connection with the lots until 1918, a period of forty-three years. Such adverse possession ripened into a title as against the successors in title to Day in whom was the fee to the streets subject to the inchoate easement of travel in the public. *Campmeeting Association* v. *Andrews*, 104 Maine, at 349.

So far as the municipality is concerned the doctrine of adverse possession does not apply because the municipality had not taken possession nor exercised any dominion over the land. Their inchoate rights growing out of the incipient dedication were lost under another rule of law, which is that a proposition to dedicate land for a public street, which is at best only an inference of law from the mere fact that sales are made according to a plan. must be accepted within a reasonable time in order to be effective. *Dorman* v. *Bates Mfg. Co.*, 82 Maine, 438-449; *Kelley* v. *Jones*, 110 Maine, 360, 364. What is a reasonable time must be determined by the facts and circumstances of each particular case. A period of forty-three years with no movement whatever on the part of the town or city toward acceptance either by formal vote or by user, that is either by word or by act, is certainly beyond what could be deemed reasonable on the part of the municipality. In fact the city evidently took the same view because it did not proceed to establish this way by accepting the offer of dedication but laid out the street in accordance with the usual practice by metes and bounds, and recited the names of the five owners of the land thus taken, among whom was the complainant.

. Under R. S., Chap. 24, Sec. 106, rights of way in streets which have been actually laid out and the damages for which have been paid by the municipality, may be lost by adverse possession arising from the erection and maintenance of buildings or fences for more than forty years. It would hardly seem reasonable to allow a longer time than that for the municipality to determine whether or not it will accept the gift of a street that has been offered by the proprietor of plotted land.

It is the opinion of the court that, in view of all the facts and circumstances, the appellant had acquired title to the premises in question by adverse possession against the owners of the fee, and that the city had no right of passage therein because it had failed seasonably to accept the gift from the dedicators.

*Appeal sustained with costs.*
*Judgment for appellant for $400.*