HENRY L. BURNHAM *vs*. CLYDE B. HOLMES.

Waldo.      Opinion, November 30, 1940.

*Verrill, Hale, Dana & Walker,* for plaintiff.
*McLean, Fogg & Southard,* for defendant.

SITTING : STURGIS, C. J.,THAXTER, MANSER,WORSTER, MURCHIE, JJ.

MURCHIE, J.    The plaintiff brings this case before the court on exceptions to the ruling of a justice of the Superior Court accepting the report of a referee. Hearing was held under a rule of reference which reserved the right of exceptions as to questions of law to both parties and is properly before the court under that reservation.

The action is case to recover damages for, and secure the abatement of, an alleged nuisance. Plaintiff alleges the erection and maintenance by the defendant of structures located within the limits of a two-rod strip of land which he claims is a public highway, created as such by dedication of the owner and acceptance of the municipality. The referee found as a question of fact that there was an offer of dedication in 1769 but ruled as matter of law that the attempted ac-

ceptance, which did not occur until 1808, was not made within a reasonable time and that the plaintiff failed to show that the defendant at any time "obstructed a public highway." Plaintiff duly filed objections to the acceptance of the report on the ground, among others not of importance in a decision of the cause, that the referee erred in holding and ruling that the way in question had never been validly accepted "as a public way."

The locus is the easterly end of a two-rod strip extending from what is now Northport Avenue, in the City of Belfast, to the shore at what, on the plan which is in evidence and the preparation of which represents the offer of dedication of the way, is identified as Passagassawakeag Bay. Plaintiff is the owner of the remainder after certain life estates in the property which abuts said strip on the north and claims in his declaration that his property line extends to the middle of that strip. Defendant owns the property southerly of the strip and occupies that part of the strip which is in issue, claiming as alleged in his pleadings to be the owner thereof by prescription. The record contains no evidence that any highway, or private way, for the accommodation of travel was ever in fact constructed upon the ground; that any vehicular traffic has ever passed over it; or that it was ever in fact used, or usable, for public access between Northport Avenue and either the plaintiff's property or the shore by pedestrians although the plaintiff testified that he "used it to walk back and forth to the shore a great many times through a great many years" which ranged, from his testimony, approximately from 1885 to 1898. The alleged obstructions were placed in the locations complained of in 1908, and immediately thereafter. The writ is dated September 7, 1939.

Plaintiff's declaration alleges that he is entitled to a right of way over the strip, which he described as a "thoroughfare" and that some of the obstructions complained of extend beyond the middle line of the strip and onto the side thereof which adjoins his property. While these allegations do not necessarily involve the question of a public way (unless by the use of the word "thoroughfare" which Webster defines as "a frequented way or course; especially, a road or street by which the public have unobstructed passage"), the statement of counsel for plaintiff at the hearing, the conduct thereof, the findings of the referee which note that the plaintiff makes no

contention that there was a private way, and the exceptions claimed and allowed show clearly that it is on the basis of a public way, as distinguished from a private one, that recovery is sought.

The pertinent statutory provision is (R. S. 1930, Chap. 26, Sec. 5), that "the obstructing or encumbering by . . . buildings, or otherwise, of highways, private ways, streets, alleys . . . are nuisances" within limitations and exceptions not here of importance. Obstruction of a private way under this statute constitutes a nuisance equally with like obstruction of a public one. The difference in the instant case is grounded in the answer of the defendant claiming maintenance of the structures alleged to constitute obstructions for more than twenty years prior to the bringing of the action, a fact clearly established by the record. Plaintiff apparently recognizes that important rights, as against individuals, may be lost by adverse enjoyment for a period of more than twenty years and relies on the rule that this principle is not applicable to public highways. *Knox* v. *Chaloner*, 42 Me., 150 ; *Stetson* v. *Bangor*, 73 Me., 357 ; *Inh. Charlotte* v. *Pembroke Iron Works*, 82 Me., 391, 19 A., 902.

Plaintiff's action must fail if the ruling of the·referee is sound, that acceptance of an incipient dedication of streets to the public is not made within a reasonable time where upwards of thirty-eight years intervenes between the offer of dedication and the attempted acceptance, or that such an acceptance shall not operate to give land status as a public street where, following such acceptance or attempted acceptance, the land is not usable as a highway in its natural state, there is no opening of a highway, no work of construction to put it in condition for travel, and no actual use of it as a public way, in more than a half century following.

The exact term during which an incipient dedication may be held to be effective to constitute property as a street upon acceptance has never been determined by this court, either directly or indirectly. Indirectly, issues somewhat analogous have been before the court in two instances. In *Kelley* v. *Jones*, 110 Me., 360, 86 A., 252, the plaintiff sought to recover an undivided interest in a triangular piece of land substantially covered by buildings but forming a part of an area which was the subject matter of an earlier offer of dedication for highway purposes. In that case the offer of dedication was

made in 1832 and plaintiffs claimed title under a recorded deed given more than forty years prior to the commencement of the action. There was no evidence that the offer of dedication had ever been accepted by the public or the municipality, and the court, finding for the plaintiff in a case submitted on report, noted that in the over-all period of more than eighty years, there was no evidence that the public made any use whatever of the land in controversy which would indicate an acceptance of dedication. Recovery on the part of the plaintiff was permitted in a later case (*Harris* v. *South Portland*, 118 Me., 356, 108 A., 326, 328), where an appellant from the decision of municipal officers refusing to award damages for land taken for highway purposes because of an offer of dedicacation of the land in question made upwards of fifty years prior to the taking, by the sale of lots with reference to a plan delineating the land as a street, was awarded substantial damages in this court. Appellant in that case founded his claim of title on the erection of a fence enclosing the locus in question forty-three years prior to such opening and the continuous maintenance of the fence and use of the land during that full period of time by himself and his predecessor in title.

In *Harris* v. *South Portland*, supra, the court noted that the lapse of time between the erection of the fence which enclosed the tract in question and the "taking" of the land for highway purposes exceeded the maximum period of forty years provided by statute, now contained in R. S. 1930, Chap. 27, Sec. 108, for legalizing structures erected in public ways or for the loss by adverse possession of rights of way in streets actually laid out, and observed that it would hardly seem reasonable to allow a longer time for a municipality to determine whether or not it would accept an offered dedication. What we believe to be the most appropriate rule or, perhaps more accurately stated, the proper principle, namely recognition that there should be no general rule in such cases, was expressed by Chief Justice Cornish in that case in the words "What is a reasonable time must be determined by the facts and circumstances of each particular case." The application of this principle must be made not at the time of attempted acceptance but when the issue arises for determination, and it seems to this court that the facts and circumstances here involved — the lapse of more than thirty-eight years

before any attempt at acceptance, the passing of approximately seventy-five years following nominal acceptance without any use, and the over-all interval of more than one hundred and thirty years before the assertion of any claim of public right — fully justify the final determination of the referee that in the cause "the plaintiff (has) failed to show that the defendant (has) at any time obstructed a public highway."

The issues attempted to be raised by the additional exceptions being unimportant in the view of the case herein stated, the entry must be

*Exceptions overruled.*