1999 ME 152

## OCEAN POINT COLONY TRUST, INC.

v.

## TOWN OF BOOTHBAY.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1999.

Decided Oct. 26, 1999.

Robert R. Goodrich (orally), Powers & French, P.A., Freeport, George D. Hepner III, Suter & Hepner, P.A., Falmouth, John A. Cunningham, Eaton, Peabody, Bradford & Veague, P.A., Brunswick, for plaintiff.

William H. Dale (orally), Sally J. Daggett, Jensen Baird Gardner & Henry, Portland, for defendant.

James N. Katsiaficas, Maine Municipal Association, Augusta, for amicus curiae.

Before WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Ocean Point Colony Trust, Inc. appeals from a summary judgment entered in the Superior Court (Lincoln County, *Perkins, A.R.J.*) in favor of the Town of Boothbay. Ocean Point argues that: (1) the Superior Court erred in granting the Town's motion for a summary judgment because a genuine issue of material fact exists as to whether an incipient dedication of the proposed, but unaccepted way occurred; (2) the Town's right to accept the proposed street lapsed before the town filed its notice to except the street from deemed vacation pursuant to 23 M.R.S.A. § 3032; and (3) the Town's act of filing the notice to extend the time to accept the proposed way constituted a taking. We disagree and affirm the judgment.

[¶ 2] On August 25, 1997, the Town of Boothbay's Board of Selectmen (Board) voted, pursuant to 23 M.R.S.A. § 3032 (1992),[1] to file a notice to extend the time

---

1. 23 M.R.S.A. § 3032 (1992), as in effect on August 25, 1997, when the Board of Selectmen voted to except the proposed, unaccepted way provides:

    1. **Deemed Vacation.** A proposed, unaccepted way or portion of a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds prior to the effective date of this section shall be deemed to have been subject to an order of vacation under section 3027 if the way or portion of the way has not been constructed or used as a way and has not been accepted as a town, county or state way or highway by the later of:

    A. Fifteen years after the date of the recording of the subdivision plan laying out the way or portion of the way; or

    B. Ten years after the effective date of this section.

A way or portion of a way considered vacated under this subsection is subject to section 3033.

    2. **Extensions.** The municipal officers of the affected municipality may except a proposed, unaccepted way or portion of a proposed, unaccepted way described in subsection 1 from the operation of the time limitations of that subsection by filing, in the registry of deeds where the subdivision plan is recorded, a notice stating that the way or portion of the way is excepted from the operation of subsection 1 for a period of 20 years from the filing of the notice. To be effective, this exception must be filed prior to the expiration of the time limitations of subsection 1. An extension accomplished under this subsection may be extended by the municipal officers for a subsequent 20-year period by the filing of a new notice within the preceding 20-year extension period.

23 M.R.S.A. § 3032 (1992).

Subsequently, subsection 1 was repealed. Laws 1997, c. 386, § 1. Subsection 1–A replaced subsection 1. 23 M.R.S.A. § 3032(1–A) (1992 & Supp.1998) provides:

period for accepting certain dedicated, but unaccepted ways (paper streets) in the Town. Section 3032(2) allows each municipality to except paper streets from deemed vacation. The municipality must file a notice to except the street from vacation in the Registry of Deeds before the expiration of the later of fifteen years from the recording of the plan depicting the paper street or September 29, 1997. *See* 23 M.R.S.A. § 3032.

[¶ 3] One of the paper streets the Board voted to except from vacation was "the path connecting Ocean Point Road and Emerson Road by Grimes Cove, adjacent to Lot 16, ·17, 20, 21, 27 and 34." This road is depicted on an undated subdivision plan entitled "Land of G .B. Kenniston, Linekin's Neck, Maine by J.H. Blair." In 1901, G.B. Kenniston petitioned the Boothbay Board of Selectmen to lay out a town way over a portion of the paper street. The Town, however, voted not to accept the paper street as a town way in 1902.

[¶ 4] The subdivision plan delineating the paper street (the Blair Plan) was recorded on September 2, 1924, in the Lincoln County Registry of Deeds. Ocean Point, its predecessor and others owning lots within the subdivision took title with reference to the Blair Plan. The Town has depicted this paper street on the Town Tax Map U–2 since 1956 when the Town first prepared tax maps.

[¶ 5] Ownership of the land encompassing the paper street is not at issue in this litigation. Ocean Point owns land which abuts the proposed, unaccepted way and asserts that it does own the land within the paper street. Although Boothbay did not accept the paper street as a town way prior to the effective date of 23 M.R.S.A. § 3032 on September 29, 1987, the Town filed the "Notice to Extend Time to Prevent Vacation of Proposed but Unaccepted Ways" in the Lincoln County Registry of Deeds on August 28, 1997.

[¶ 6] We review the grant of a summary judgment for errors of law and independently examine the record to determine if a genuine issue of material fact exists. *See Nevin v. Union Trust Co.,* 1999 ME 47, ¶ 5, 726 A.2d 694, 696. We view the evidence in "a light most favorable to the party against whom the judgment has been granted." *Id.* We will affirm the grant of a summary judgment if the evidence manifests that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See Landry v. Leonard,* 1998 ME 241, ¶ 4, 720 A.2d 907, 908.

[¶ 7] Ocean Point argues that the Town's right to accept the incipient dedication[2] lapsed under common law because the Town did not accept the street within a

---

1–A. Deemed Vacation. A proposed, ·· unaccepted way laid out on a subdivision plan recorded in the registry of deeds prior to September 29, 1987 is deemed to have been subject to an order of vacation under section 3027 if, by the later of 15 years after the date of the recording of the subdivision plan laying out the way or portion of the way or September 29, 1997, both of the following conditions have been met:
    A. The way or portion of the way has not been constructed or used as a way; and
    B. The way or portion of the way has not been accepted as a town, county or state way or highway or as a public, utility or recreational easement.
A way or portion of a way considered vacated under this subsection is subject to section 3033.

Subsection 2 was also repealed and replaced with the exact language of the previous subsection 2, except that any references to subsection 1 were replaced with references to subsection 1–A. Laws 1997, c. 386, §§ 1, 2; 1997, c. 683, § B–10 eff. Apr. 3, 1998.

2. In its appeal, Ocean Point argues that a genuine issue of material fact exists as to whether an incipient dedication occurred. Ocean Point is precluded from raising this issue on appeal because it argued to the contrary in the Superior Court. *See Davis v. Picciandra,* 662 A.2d 898, 899 (1995) (refusing to address an argument because appellant failed to properly preserve the issue by not raising it before the trial court).

reasonable time and 23 M.R.S.A. § 3032(2) applies only to those incipient dedications that have not already lapsed. We agree that section 3032(2) applies only to those incipient dedications that have not lapsed pursuant to the common law. We disagree, however, with Ocean Point's contention that this incipient dedication lapsed.

[¶ 8] At common law an incipient dedication must be accepted within a reasonable time or the right to accept that dedication will be lost. *See Harris v. City of South Portland,* 118 Me. 356, 108 A. 326, 327 (1919). Adverse possession of the incipiently dedicated way will cause the dedication to lapse, but mere non-use or use that is not inconsistent with the premise that the public may later open the path will not cause the incipient dedication to expire. *See Bartlett v. City of Bangor,* 67 Me. 460, 466 (1878).

[¶ 9] The facts and circumstances of each case determine whether a reasonable time for acceptance has passed. *See Burnham v. Holmes,* 137 Me. 183, 16 A.2d 476, 478 (1940). We have consistently found that the public's right to accept the incipient dedication lapses when another person possesses the property and exhibits ownership over the property in a manner that is inconsistent with the incipient dedication and would likely constitute adverse possession of the property. *See Burnham,* 16 A.2d at 478 (stating that incipient dedication lapsed because the defendant's structures existed on the proposed way for thirty-two years); *Harris,* 108 A. at 328 (ruling that incipient dedication lapsed because appellant acquired title of the dedicated land by adverse possession when he built and maintained a fence on the land for forty-three years); *Kelley v. Jones,* 110 Me. 360, 86 A. 252 (1913) (opining that incipient dedication expired because during the eighty years since the dedication, the plaintiff and its predecessors in title permanently occupied and maintained the premises).

[¶ 10] The incipient dedication in the present case has not lapsed because a reasonable time has not yet expired. No evidence was offered to establish that the paper street has been used in a manner inconsistent with the premise that the Town may later decide to accept the proposed way. *See Bartlett,* 67 Me. at 466. This case may be distinguished from *Burnham, Harris,* and *Kelley* because unlike the parties in those cases, Ocean Point has not built a structure on the paper street or inhabited the paper street for over twenty years.

The entry is:

Judgment affirmed.