STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-97-077
PAF-YOR - 3/30/2000

MARION STICKNEY and
WILLIAM P. CASAVANT, JR.,

      Plaintiffs

    v.

**ORDER, DECISION
AND JUDGMENT**

CITY OF SACO, et al.,

      Defendants

1.    <u>THE PARTIES</u>.

    A.    The plaintiffs are Marion Stickney who owns real estate located at 167 Lincoln Street in Saco, Maine which is described in a deed from Theophilus Fitanides and Fred Fitanides dated August 18, 1995 and recorded at Book 7529, page 114 and William P. Casavant, Jr. who owns real estate located at 153 Lincoln Street in Saco, Maine which is described in a deed from Germaine J. Trakas dated December 14, 1996 and recorded at Book 8100, page 262. They were represented by Attorney Bruce A. McGlauflin of Portland, Maine. Their properties are at the south-west and south-east ends of Tasker Lane in Saco.

    B.    The defendants include the City of Saco which was represented by Attorneys Timothy Murphy of Saco, Maine and John J. Wall, III of Portland, Maine.

    The defendants also include the heirs of Rishworth Jordan and the heirs of Joseph Hill all of whom were defaulted and against whom a default judgment was entered.

The defendants also include Gary Ribaudo of Saco, Maine who represented himself and William and Tammy Desjardins who own real estate on Tasker Lane in Saco, Maine. See deed of February 9, 1990 from Energy Homes, Inc. at Book 5331, page 314. They were represented by Attorney S. James Levis, Jr. of Biddeford, Maine.

2. DOCKET NUMBER

The docket number is RE-97-077 of the York County Superior Court.

3. NOTICE

All parties received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and, if the notice was served or given pursuant to an order of a court, including service by publication, that the notice was served or given pursuant to the order.

4. DESCRIPTION OF THE REAL ESTATE

The primary issue in this case is whether Tasker Lane in Saco, Maine is a public or private way. The secondary issue is whether the plaintiff William P. Casavant, Jr. has an easement over the property of the defendants William and Tammy Desjardins whose property abuts his and also has frontage on Tasker Lane. Tasker Lane connects Lincoln Street and Hill Street in Saco and is about 100 yards in length. The abutting property owners are the plaintiffs Stickney and Casavant and the defendants Desjardins and, in separate parcels on both sides of the northern end of Tasker Lane, Gary Ribaudo.

The plaintiffs have filed an amended complaint in ten counts against the defendants City of Saco, the defaulted heirs of Rishworth Jordan and Joseph Hill,

2

Gary Ribaudo and William and Tammy Desjardins. Count I has been brought as a quiet title action regarding the ownership of Tasker Lane but will be treated as a declaratory judgment action. The plaintiffs seek a declaration that Tasker Lane is privately owned and seek ancillary relief once that finding is made. In Count II they seek a similar result through a claim of easement by prescription. Count III is a trespass action against the City for damaging their property, which is at the edge of Tasker Lane, through the widening of Tasker Lane. Count IV is a taking claim against the City under the doctrine of inverse condemnation. Count V is a claim against the City under 42 USC §1983 for a due process violation in taking their property. Count VI is a quiet title action against the heirs of Jordan and Hill which has been resolved. Counts VII and VIII are quiet title actions against the defendants Desjardins and against Gary Ribaudo respectively which will be treated as declaratory judgment actions. Count IX is a claim by Mr. Casavant regarding an alleged easement over the property of the Desjardins. In Count X Mr. Casavant seeks trespass damages or nuisance damages for the obstruction of the easement. A three day non-jury trial has been held, a view was conducted, motions under Rule 50(d), M.R.Civ.P. were made and lengthy briefs submitted.

The primary issue is what is the nature of Tasker Lane. The plaintiffs contend that they own the fee in Tasker Lane for that length of the lane that abuts their households, that they enjoy easement rights to travel over the entire length of the lane and that the City has no right, title or interest in or to the lane.

3

The early history of Tasker Lane is not disputed. The lane was first established as a "private passageway" to the Joseph Hill Homestead Farm which included all of the properties involved in this case. The Stickney houselot was conveyed out in 1851 and land on the other side of the lane was conveyed in 1860 with a reference to a reserved street. The boundaries of the Casavant lot were established in 1915.

Members of the Fitanides family have lived on the lane since about 1928 while the other parties are all more recent arrivals acquiring their properties between 1986 and 1996. Marion Stickney is a Fitanides daughter.

It does appear that at least through the 1930's and 1940's the lane was only a car width wide and was not developed. The lane was apparently used for a time by the Fitanides family and their neighbors across the lane, in what is now the Casavant property, as a mostly private drive. The Fitanides, now Stickney, home is very close to the lane. The issue becomes not whether the lane was once private under one or more theories, which it probably was, but rather whether the lane has become a public way because of actions of the City of Saco; See *Striefel v. Charles-Keyt-Leaman Partnership*, 1999 Me. 111, 733 A.2d 984 and *Longley v. Knapp*, 1998 Me. 142 ¶14, 713 A.2d 939, 943-4. The City has not established title under the doctrine of an incipient dedication to the public because any acceptance was far too slow in coming since the dedication was in the 1860's. See *Ocean Point Colony Trust, Inc. v. Town of Boothby*, 1999 Me. 152, 739 A.2d 382.

4

Has the City established a public way by prescriptive use? The answer is yes. The City has maintained and plowed the lane for well beyond the required time. Members of the general public could drive over the street. People from nearby streets have used the lane as if it was a public way. The City paved the street. While the intensity of City control increased in 1995, I find that for about 40 years all of the requirements for creating a public way by prescriptive use existed. The City's plow truck driver was generally convincing to me and the claim that plowing was done as a favor to owners of private ways reflects at most a temporary unofficial policy of the City which is not necessarily even applicable to Tasker Lane. One cannot accept all of the benefits of a public way and then when it no longer becomes convenient to accept the responsibilities that go with it, complain that the way is really private.

The plaintiffs second count based on an easement by prescription likewise fails. Also see *Flower v. Town of Phippsburg*, 644 A.2d 1031, 1032 (Me. 1994) to the extent it is directed at the City rather than the heirs of Jordan or Hill.

Count III fails as I find no evidence to support a trespass onto land not usable by the City and find no evidence of compliance with the requirements of the Maine Tort Claims Act prior to suit being brought. Neither Count IV for inverse condemnation nor Count V for a due process violation is supported by the legal requirements for the claim or on the facts. Count VI was previously resolved and Counts VII and VIII follow Count I.

The final Counts, IX an X of the amended complaint, involve a ten foot right of way. Before 1915 the Desjardins and Casavant lots comprised a single parcel. In

1915 the Desjardins lot was conveyed out but the deed had the following provision, ". . . Reserving a right of way, ten feet wide on the South-easterly side of said lot, from said Taskers Lane to the rear of grantor's buildings, said way to be unobstructed." See deed of Nellie Tasker to Clarence Young of October 7, 1915 at Book 639, page 437. This right of way was used for a time by George Conley who lived with Nellie Tasker on what is now the Casavant lot. The location and length of the right of way can be established with reasonable certainty. The question that is more important is whether the right of way still exists.

Since at least about 1927, when the City acquired the property for unpaid taxes, no owner of the Casavant property used the right of way. Since 1927 the right of way has not been mentioned in deeds in the Casavant chain of title. While the City took title to the property around 1927 it allowed either Nellie Tasker or George Conley to reside there for some time and there is evidence that George Conley did use the easement well past 1927. Mr. Casavant was unaware of the easement until after this litigation started. If the easement still exists the Desjardins have, through their tenants, improperly obstructed the right of way.

I find no waiver of the easement and no loss of it through adverse obstruction. See 14 M.R.S.A. §813. The more challenging issues surround whether the easement was only for Nellie Tasker's life and whether if has been lost by estoppel or abandonment.

The Desjardins have argued that under the common law principles that existed in 1915 and which predate the predecessors to such statute as 33 M.R.S.A.

6

§772 that the absence of the words "and her heirs an assigns" limit the easement to a easement for, at most, the life of Nellie Tasker. That argument seems to fail under the case of *O'Neill v. Williams*, 527 A.2d 322, 4 and note 1 (Me. 1987).

I find insufficient evidence that the doctrine of estoppel should be applied because of the silence of a former owner, who was unaware of the easement, during the construction by the Desjardins of a driveway over a portion of the likely location of the easement. Likewise, while the not precisely defined period of non-use is substantial, I find insufficient evidence of a "clear intent to abandon" the easement, See *Chase v. Eastman*, 563 A.2d 1099,1102 (Me. 1989). The defendants Desjardins have not met their burden of proof on their claim of abandonment.

The entry is:

> Judgment for the defendants on Counts I, VII and VIII of the Amended Complaint. Tasker Lane in the City of Saco is declared to be a public way.
>
> Judgment for the defendants on Count II of the Amended Complaint.
>
> Judgment for the defendant City of Saco on Counts III, IV and V of the amended complaint.
>
> Judgment for the plaintiff William P. Casavant, Jr. against the defendants William Desjardins and Tammy Desjardins on Count IX and X of the amended complaint. Plaintiff Casavant is the owner of an easement 10 feet in width along the common boundary with the property of the defendants Desjardins starting at Tasker Lane and going back one-half of the depth of the Desjardins land. This easement does not include the rights to extend any utilities over it. The defendants Desjardins, their agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are enjoined from

7

interfering with the plaintiff's use of the easement. Any existing obstructions such as, but not limited to, lumber, boats, bricks or wood shall be removed within 14 days of the date of this order. The plaintiff Casavant is awarded judgment against the defendants Desjardins in the amount of $1.00 on Count X.

Dated:        March 30 , 2000

Paul A. Fritzsche
Justice, Superior Court

I hereby certify that the applicable appeal period has expired without action or that the final judgment has been entered after remand following appeal.

Clerk, Superior Court

PLAINTIFFS:
Linda Russell, Esq.
PETRUCCELLI & MARTIN
PO Box 9733
Portland Me 04104-5033


DEFENDANTS- WILLIAM AND TAMMY DESJARDINS
S. James Levis, Jr., Esq.
LEVIS & HULL
409 Alfred St
Biddeford, Me 04005

DEFENDANT- CITY OF SACO
John Wall, Esq.
MONAGHAN LEAHY HOCHADEL & LIBBY
PO Box 7046
Portland Me 04112-7046

DEFENDANT- GARRY RIBAUDO
PRO SE
21 Hill St
Saco Me 04072

8