STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.                                     Civil Action


JEFFREY W. MONROE & LINDA S. MONROE,

      Plaintiffs,

      v.                                     Docket No. PORSC-RE-15-169

CARMEN CHATMAS & IMAD KHALIDI,

      Defendants,

      and

MARIA C. RINALDI

      Party-In-Interest

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 23 2016

RECEIVED

---

LARRY D. AMBERGER & JANET K. AMBERGER *et al*,

      Plaintiffs,

      v.                                     Docket No. PORSC-RE-15-204

IMAD KHALIDI, CARMEN CHATMAS & MARIA C. RINALDI

      Defendants

---

GEORGE W. FOLEY, III,

      Plaintiff

      v.                                     Docket No. PORSC-RE-15-206

IMAD KHALIDI, CARMEN CHATMAS & MARIA C. RINALDI,

      Defendants

**ORDER ON PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs in these consolidated cases have moved for summary judgment against the Defendants. In their joint motion, Plaintiffs assert that the notices that the Defendants

1

recorded in Cumberland County Registry of Deeds and served on Plaintiffs pursuant to the Maine Paper Streets Act, 23 M.R.S. § 3033, were premature and insufficient, and therefore void, as a matter of law. Defendants oppose Plaintiffs' joint motion. Oral argument was held on March 21, 2016.

Based on the entire record, Plaintiffs' joint motion for summary judgment is granted.

*I. Background*

In 1911, the Shore Acres Land Company recorded with the Cumberland County Registry of Deeds, at Book 12, Page 45, a plan for the Shore Acres subdivision in the Town of Cape Elizabeth (the "1911 Plan"). (Pls. Supp. S.M.F. ¶ 1; Defs. Opp. S.M.F. ¶ 1; Neagle Aff. Ex. 1.) A second subdivision plan, which Plaintiffs aver was an "amendment" to the 1911 Plan, was recorded in 1930 at Book 19, Page 45 (the "1930 Plan"). (Pls. Supp. S.M.F. ¶ 3; Neagle Aff. Ex. 2.)

The 1911 Plan shows an unlabeled way, which connects two other ways, Surf Side Avenue and Oak Grove Road. (Neagle Aff. Ex. 1.) The unlabeled subdivision way depicted on the 1911 Plan crosses over lots 10, 11, 12, and 13. (*Id.*) Lots 10 through 13 are owned by Defendants. (Defs. Opp. S.M.F. ¶¶ 60-62; Stier Aff. Ex. A.) Both the unlabeled subdivision way and the way labeled as Surf Side Avenue are "paper streets," meaning dedicated but unconstructed and unaccepted ways shown on a subdivision plan, but not existing as streets on the face of the earth.

Plaintiffs assert that the unlabeled subdivision way depicted on the 1911 Plan is actually a portion of Surf Side Avenue. (Pls. Sup. S.M.F. ¶ 2.) Plaintiffs also assert that, sometime around 1999, this portion of Surf Side Avenue was renamed Atlantic Place in order to clarify emergency response addresses. (Pls. Supp. S.M.F. ¶¶ 2, 11.) Defendants deny that the unlabeled portion was ever part of Surf Side Avenue, and assert that part or all of Atlantic Place

2

consists of a private driveway that Defendants Imad Khalidi and Maria C. Rinaldi use to access their respective homes. (Defs. Opp. S.M.F. ¶ 2.)

In 2014, Defendants Carmen Chatmas and Imad Khalidi invoked the procedure contained in the Maine Paper Streets Act ["the Act"], in order to extinguish any interests that other owners of lots in their subdivision might have in the unlabeled way, pursuant to 23 M.R.S. § 3033.

Under the Act, to extinguish the interests of other lot owners in the subdivision, a person claiming ownership of a paper street must record a notice at the registry of deeds. *Id.* § 3033(1). The notice must include the names of all current owners of lots in the subdivision plan and their mortgagees. *Id.* The person claiming ownership of the paper street must also mail a copy of the notice to all record owners and their mortgagees. *Id.* Any owners of lots in the subdivision who claim an interest in the paper street must record with the registry of deeds a sworn statement asserting their interest within one year of receiving the notice and must bring an action to quiet title within 180 days of recording their statement in order to protect their interest. *Id.* § 3033(2). Otherwise, the owners of lots in the subdivision are forever barred from asserting any interest in the paper street. *Id.*

On March 20, 2014, Defendant Carmen Chatmas recorded a notice pursuant to section 3033(1) at the Cumberland County Registry of Deeds, at Book 31398, Page 109. Defendant Chatmas recorded a second notice on May 12, 2014, at Book 31496, Page 193. On May 13, 2014, Defendant Khalidi also recorded a notice pursuant to section 3033 with the Cumberland County Registry of Deeds, at Book 31498, Page 199. (Chatmas's and Khalidi's notices are

3

collectively referred to as "section 3033(1) notices"). The notices were sent to all owners and mortgagees of lots in the 1911 Plan.[1]

The notices claim that the Defendants own portions of the unlabeled way shown on the 1911 Plan. Each notice defines the proposed unaccepted way in an attached and incorporated Exhibit 1 to the notice, and defines the portion of the way that is the subject of the notice in an attached and incorporated Exhibit 2 to the notice. (Neagle Aff. Exs 8,9.)

On April 23, 2015, Plaintiff Jeffrey Monroe recorded two sworn affidavits pursuant to 23 M.R.S. § 3033(2), asserting interests in the portions of the unlabeled way described in Defendants' notices. Plaintiffs Jeffrey and Linda Monroe filed a complaint seeking a declaratory judgment of adverse possession and to quiet title on September 9, 2015. The Monroes filed an amended complaint on November 4, 2015.

Plaintiffs Larry and Janet Amberger and thirty-five other owners of lots in the subdivision also recorded sworn affidavits pursuant to section 3033(2). The Ambergers and other lot owners filed their complaint to quiet title and for adverse possession on October 27, 2015.

On May 11, 2015, Plaintiff George Foley, III, as trustee and personal representative of Margaret Foley, also recorded a sworn affidavit pursuant to section 3033(2), and he filed a complaint seeking to quiet title and for declaratory judgment on October 29, 2015.

On November 30, 2015, Mr. Foley filed a motion to consolidate the three separate cases pursuant to Maine Rule of Civil Procedure 42. Plaintiffs then filed their joint motion for summary judgment on December 16, 2015. After an enlargement of time, Defendants filed

---

[1] At oral argument, the Plaintiffs indicated that they were not conceding that the Defendants had validly notified the owners of all lots shown in the 1911 Plan, but they have not raised any genuine issue in that regard.

[2] Defendants' motion for leave to file a surreply asserts that Plaintiffs' reply brief raises new issues of law for the first time. (Defs. Mot. for Surreply 2.) Contrary to Defendants' assertion, Plaintiffs' reply

4

their opposition the motion for summary on January 13, 2016. The court granted the motion to consolidate on January 15, 2016. After additional time, Plaintiffs filed a reply on January 27, 2016. Defendants also sought leave to file a surreply, which Plaintiffs opposed.[2]

## II. *Analysis*

Plaintiffs assert that they are entitled to summary judgment because Defendants' section 3033(1) notices were void for two reasons: (1) the proposed, unaccepted way referred to in Defendants' section 3033 has not "deemed vacated" pursuant to 23 M.R.S. § 3032; and (2) Defendants failed to serve their notices on all of the owners of lots in the 1930 Plan. (Pls. Mot. Summ. J. 6, 8.)

A.    Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). If the non-moving party fails to

---

[2] Defendants' motion for leave to file a surreply asserts that Plaintiffs' reply brief raises new issues of law for the first time. (Defs. Mot. for Surreply 2.) Contrary to Defendants' assertion, Plaintiffs' reply does not raise new issues, but merely responds to arguments raised by Defendants' opposition. Therefore, Defendants' motion for leave to file a surreply is denied.

present sufficient evidence of a genuine issue for trial, then the moving party is entitled to a summary judgment. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

B.      <u>Whether the proposed, unaccepted way referred to in Defendants' section 3033(1) notices can be deemed vacated under the Paper Streets Act</u>

This section addresses the Plaintiffs' contention that the Defendants cannot use the section 3033 notice procedure that the Defendants have invoked because the Town of Cape Elizabeth still has the right to accept the paper street referred to in Defendants' notices.

On its face, the section 3033(1) notice procedure that Defendants have invoked applies only to proposed, unaccepted ways that are "deemed vacated under section 3032." Section 3032 of the Paper Streets Act provides that any proposed, unaccepted way or portion thereof laid out in a subdivision plan recorded prior to September 29, 1987, is deemed vacated on the later of September 29, 1997, or fifteen years after its recording if the following conditions are met: (1) the way has not been constructed or used, and (2) the way has not been accepted by the town, county, or state as a public way or as a public, utility, or recreational easement. *Id.* § 3032(1-A).

However, section 3032 permitted municipalities to extend the deadline by which they could accept paper streets for a period of twenty years by filing a notice with the registry of deeds before the expiration of the September 29, 1997 deadline. *Id.* § 3032(2). Thus, any proposed, unaccepted way that might still be accepted by the municipality within which it lies cannot be 'deemed vacated" until the municipality's option to do so has expired.

Plaintiffs assert that Defendants cannot use the section 3033(1) notice procedure under the Paper Streets Act at this time because the Town of Cape Elizabeth has until September 2017 to decide whether to accept the paper street at issue as a public way or as a public, utility or recreational easement. (Pls. Mot. Summ J. 7; Pls. Supp. S.M.F. ¶¶ 4-5.) It is undisputed that, on September 11, 1997, the Town of Cape Elizabeth recorded in the Cumberland County Registry of Deeds, at Book 13317, Page 151, an order declaring that "the Town Council,

pursuant to 23 M.R.S. § 3032(2), hereby extends for a period of twenty (20) years all proposed, unaccepted ways within the Town of Cape Elizabeth" except for paper streets shown on a few town maps listed in the order. (Neagle Aff. Ex 4.) None of the parties contends that the paper street at issue in these cases is among those shown on the listed maps.

By establishing the undisputed fact that the Town has extended its right to accept all paper streets in the Town, except for the few that were expressly excluded, to a date in September 2017, the Plaintiffs have made a *prima facie* showing that the paper street at issue in these cases will not be deemed vacated for purposes of section 3032 until September 2017.

In their opposition, Defendants argue that the Town Council's recorded extension did not include the paper street at issue here, or at least that there is a mixed question of fact and law as to whether it did. (Defs. Opp. S.M.F. ¶¶ 4-5.) Defendants base their objection on a report entitled "Inventory and Evaluation of Paper Streets in Cape Elizabeth, Maine" dated August 1, 1996. (*Id.* ¶ 87; Stier Aff. Ex. J.) According to the report, there were fifty-one paper streets in the Town of Cape Elizabeth in 1996. (*Id.*) The report does not list Atlantic Place as a paper street within the Town of Cape Elizabeth at that time. (Defs. Opp. S.M.F. ¶ 88; Stier Aff. Ex. J.) According to Defendants, because the Town of Cape Elizabeth did not recognize Atlantic Place as a paper street in the 1996 inventory, the 1997 recorded extension cannot be deemed to apply to Atlantic Place.

The Plaintiffs respond that what the Defendants are calling Atlantic Place is identified in the 1996 inventory as Surf Side Avenue. Defendants' rejoinder to that contention is that there is no evidence that the areas that are defined in their notices have ever been considered a part of Surf Side Avenue. (Defs. Opp. S.M.F. ¶ 2.) Pursuant to Rule 56(f) of the civil rules, they assert that, if the court deems Plaintiffs to have made a sufficient showing regarding summary judgment, ruling on the motion should be deferred until the Defendants have an

opportunity to take discovery regarding that issue as well as to the other issue Plaintiffs have raised, regarding lots on the 1930 Plan.

Regardless of which side is correct on the narrow question of whether the unlabeled proposed, unaccepted way defined in the Defendants' section 3033(1) notices is, or is not, listed in the 1996 inventory, it is not the 1996 inventory that is at issue here. It is the plain language of the Town's recorded extension that determines whether the Town extended into 2017 its right to accept the paper street at issue in these cases. The 1997 recorded order is unambiguous, and in fact could not be clearer, in stating the Town's intent to extend for 20 years its right to accept, with specified irrelevant exclusions, "*all* proposed, unaccepted ways within the Town of Cape Elizabeth" (emphasis added). Thus, there is no genuine issue as to whether any and all proposed, unaccepted ways laid out in a subdivision plan within Cape Elizabeth prior to September 29, 1987, that were not specifically excluded by the recording, were extended until September 2017.

It follows that, regardless of whether the proposed, unaccepted way mentioned in Defendants' section 3033(1) notices is Atlantic Place, a portion of Surf Side Avenue, or has no name at all, the deadline for the Town of Cape Elizabeth to accept the way was extended until September 2017. Therefore, the proposed, unaccepted way defined in Defendants' section 3033(1) notices has not been "deemed vacated" under section 3032.

Given that the recorded Town Council order plainly and unambiguously states the intent to extend the Town's right regarding all proposed, unaccepted ways in the Town except those specifically excluded, the Defendants' request to take discovery under Rule 56(f) regarding whether the way at issue in these cases was within the scope of the extension seeks to explore further a question that the 1997 extension itself clearly answers. Defendant's Rule 56(f) request is denied.

8

Defendants make two additional arguments. First, Defendants argue that Town of Cape Elizabeth's opportunity to accept the unlabeled way at issue may have already lapsed at common law, and therefore, the September 1997 recording could not have extended the Town's right. (Defs. Opp'n to Pls. Mot. Summ. J. 12); *See Ocean Point Colony Tr., Inc. v. Town of Boothbay*, 1999 ME 152, ¶¶ 7-10, 739 A.2d 382. Defendants assert that they have not had an opportunity to conduct meaningful discovery on this issue. (Defs. Opp'n to Pls. Mot. Summ. J. 12.) Defendants request the court deny summary judgment under Rule 56(f) to allow further discovery. (*Id.*) Second, Defendants also assert that some or all of Atlantic Place is nothing more than the name of Defendants Khalidi's and Rinaldi's private driveway, and therefore, not a paper street at all. (Defs. Opp. S.M.F. ¶ 2.)

What both of these contentions suggest is that the Paper Streets Act may not apply at all to the areas covered in the Defendants' section 3033(1) notices, in which case the Defendants cannot invoke the procedure contained in the Act for extinguishing Plaintiffs' interests, if any. Section 3033 of the Paper Streets Act applies to "proposed, unaccepted way or portion of a proposed, unaccepted way deemed vacated under section 3032." 23 M.R.S. § 3033(1). Therefore, if the Town of Cape Elizabeth's right to accept the unlabeled way as a public way or easement had lapsed at common law, then the unlabeled way is outside the scope of the Act. Likewise, if the areas defined in Defendants' notices do not include any part of a paper street, the Act does not apply. Thus, in either or both of these scenarios, Defendants' section 3033(1) notices would still be void.

For these reasons, the court concludes that the Plaintiffs are entitled to summary judgment on the validity of the Defendants' section 3033(1) notices. That conclusion resolves the counterclaim filed in *Monroe v. Chatmas*, Docket No. PORSC-RE-169, in which Defendants seek a declaration that the Monroes' action was untimely commenced under the Act. Given

9

that the Defendants' notices to the Monroes were not valid, they did not trigger any obligation on the part of the Monroe Plaintiffs to file a section 3033(2) action within the statutory deadline. The counterclaim seeking to enforce the statutory deadline is thus moot, and will be dismissed.

Likewise, the claims of quiet title asserted by the Monroes and by Mr. Foley in *Foley v. Khalidi*, Docket No. PORSC-RE-15-206, and the claim of adverse possession asserted by the Plaintiffs in *Amberger v. Khalidi*, Docket No. PORSC-RE-15-204, are probably not ripe, and also the Town would likely have to be joined as a party in all three cases. However, whether the Plaintiffs intend to pursue these claims despite the court's ruling in their favor on the invalidity of the Defendants' notices is not entirely clear.

### III. Conclusion

Based on the foregoing, the court concludes that the Defendants are not entitled to proceed under the Paper Streets Act, either because there are no paper streets at issue; or because the Town's right to accept the paper street at issue lapsed at common law and the paper street is not subject to the Paper Streets Act, or, as seems most likely, because the paper street at issue cannot be "deemed vacated," at least for the time being, as a result of the Town's extension of its right to accept it and other paper streets" in the Town.

Thus, Plaintiffs are entitled to summary judgment on that ground. It is unnecessary to address Plaintiffs' alternate argument that the Defendants were required to send their section 3033(1) notices to all owners of lots shown on the 1930 Plan. Also, Plaintiffs indicated at oral argument that their other motions could be denied if their joint motion for summary judgment were granted—that invitation is accepted.

Three final points are in order.

First, all that the court has decided is that none of the claims of right asserted in the Defendants' section 3033(1) notices and none of the claims of right asserted under section 3033(2) in the Plaintiffs' pleadings in these cases is ripe for adjudication under the Maine Paper Streets Act. Therefore, the result of the grant of Plaintiffs' motion must be a dismissal of all Maine Paper Street Act claims, rather than an entry of judgment in favor of any party on those claims.

Second, it may be of benefit to all parties for the registry record to be clear on what has ensued regarding the various recorded instruments the parties have placed in the registry. Also, some or all parties may prefer that any recordation be of an abstract rather than a full order or judgment. The court encourages counsel for the parties to confer on this issue.

Third, this Order does not constitute an appealable final judgment because the Plaintiffs' common law claims are outstanding.

IT IS HEREBY ORDERED AS FOLLOWS:

(1) Plaintiffs' joint motion for summary judgment is granted, to the extent that the Plaintiffs have established that the paper street at issue cannot be deemed vacated for purposes of section 3032 of the Maine Paper Streets Act, 23 M.R.S. § 3032, and therefore that Defendants are not entitled to issue and record notices under section 3033(1) of the Maine Paper Streets Act, *id.* § 3033(1). For the same reason, none of the Plaintiffs is entitled to record a notice of claimed rights or to bring an action under section 3033(2) of the Act, *id.* § 3033(2).

(2) Defendants' Rule 56(f) motion and Defendants' Motion for Leave to File Surreply are hereby denied. All other pending motions are dismissed.

11

(3) Counsel for all Plaintiffs shall advise the court within 14 days whether they intend to pursue their common law claims at this time. If they do intend to pursue those claims, the Clerk will schedule a conference of counsel to discuss a schedule for these cases.

(4) If the Plaintiffs elect not to pursue their common law claims at this time, counsel for all parties shall confer and attempt to agree, without waiving any objection to this Order or any right of appeal therefrom, on a proposed form of final judgment that provides as follows:

- for the complaints in *Amberger v. Khalidi*, Docket No. PORSC-RE-15-204, and *Foley v. Khalidi*, Docket No. PORSC-RE-15-206, and the amended complaint and counterclaim in in *Monroe v. Chatmas*, Docket No. PORSC-RE-169, all to be dismissed.

- for any and all filings in the registry of deeds made by any party regarding the proposed, unaccepted way referred to in Defendants' section 3033(1) notices to be declared void and of no effect

- for Plaintiffs in each case to be awarded their costs as prevailing parties.

- for either the final judgment or an abstract thereof to be recorded.

(5) Any joint or separate proposed form of judgment shall be filed with the court within 30 days, and shall also be e-mailed to the clerk in Word format.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated March 23, 2016

A.M. Horton
Justice, Superior Court