William KESSLER, M.D., Plaintiff,

v.

The SOUTHEAST PERMANENTE MEDICAL GROUP OF NORTH CAROLINA, P.A., Defendant.

No. 92–368–CIV–5–D.

United States District Court, E.D. North Carolina, Raleigh Division.

June 14, 1995.

Jack B. Crawley, Jr., Law Offices of Jack B. Crawley, Jr., Raleigh, NC, for William Kessler, Tonya E. Kessler.

Charles R. Holton, Moore & Van Allen, Durham, NC, for Southeast Permanente Medical Group of North Carolina, P.A.

## ORDER ALLOWING MOTION FOR RELIEF FROM JUDGMENT

DUPREE, District Judge.

Plaintiff, William Kessler, M.D., originally filed this action on May 22, 1992, alleging, inter alia, a claim for employment discrimination based on his age. In an order dated March 18, 1994, the court dismissed with prejudice plaintiff's complaint pursuant to F.R.Civ.P. 25(a). Presently before the court is a motion by the plaintiff under F.R.Civ.P. 60(b) seeking relief from the court's March 18 order and to substitute Tonya E. Kessler, administratrix for the deceased, as plaintiff.

This case arose out of the termination of plaintiff's employment on July 31, 1990, by defendant. Plaintiff has alleged a violation of the Age Discrimination in Employment Act (ADEA) and a supplemental state claim for breach of contract. The plaintiff, William Kessler, M.D., died on October 26, 1993. In a motion to continue the pre-trial conference and trial on November 4, 1993, counsel for the plaintiff informed the court that Dr. Kessler had died. Tonya Kessler, the spouse of the decedent plaintiff, received the legal capacity to act as administratrix of the estate on March 8, 1994, and began so acting. The court dismissed the action sua sponte on March 18, 1994, pursuant to F.R.Civ.P. 25(a) when plaintiff's counsel failed to move for substitution of parties within the required ninety days after suggestion of the death was made upon the record. Plaintiff now seeks to have that dismissal set aside pursuant to Rule 60(b).

Federal Rule of Civil Procedure 60(b)(1) authorizes the court to give relief from judgments, orders or proceedings for mistake, inadvertence, surprise or excusable neglect while clause (6) gives the court power to vacate judgments whenever that action is appropriate to accomplish justice. In pertinent part the rule provides as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

F.R.Civ.P. 60(b)(1) and (6).

### Substitution of Parties

In the present case, plaintiff asserts that the court's interpretation of F.R.Civ.P. 25(a) was a mistake. Federal Rule of Civil Procedure 25(a) provides for substitution in the event of death of one of the parties. A motion for substitution must be made no later than ninety days after the suggestion of death upon the record. If there is no motion for substitution within this period the action may be dismissed at the court's discretion. The relevant portion of the rule states:

The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided by Rule 4.

F.R.Civ.P. 25(a).

Plaintiff claims that the court erred in dismissing the action when Tonya Kessler had just recently been appointed as administratrix of the estate; that prior to that appointment no one had been in position to act on behalf of the deceased party in the manner prescribed in F.R.Civ.P. 25(a); and that the court's order of March 18, 1994 cut short the allotted time afforded under the rule. According to plaintiff, any service of the fact of death adequate to commence the running of the ninety-day substitution period must be made upon the personal representative, Tonya Kessler, pursuant to F.R.Civ.P. 4 and, to date, she has never been served of the suggestion of death. As well, plaintiff denies that the motion to substitute is untimely inasmuch as the ninety-day period for substitution has yet to run.

In response, defendant counters that Tonya Kessler was adequately served with sug-gestion of the fact of death by actual notice of her husband's death in October 1993 or, alternatively, by her action in applying for letters of administration for the decedent's estate and the offer of settlement made by decedent's attorney. Defendant rebuts plaintiff's contention that it is the law of this circuit that the ninety-day period only begins after the representative of the estate has been personally served, arguing instead that Tonya Kessler was adequately served pursuant to F.R.Civ.P. 4 by a notice of claim against decedent's estate by decedent's first wife. In short, defendant contends that the moving party has the burden of showing that a failure to substitute within the ninety-day period was the result of excusable neglect; that plaintiff has failed to meet that burden; and that plaintiff's motion should be denied.

█ The personal representative of a decedent's estate or another party to the action must make the suggestion of death upon the record and a decedent's attorney or other non-party does not have that authority. *Young v. Patrice*, 832 F.Supp. 721 (S.D.N.Y. 1993); *Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y.1993). The suggestion is not merely the receipt of actual knowledge of death; rather, the suggestion must identify the successor to the estate who may be substituted for the decedent. *Id.;* 7C Charles A. Wright, et al., *Federal Practice and Procedure* § 1955 (1986 and Supp.1995). Moreover, the law within this circuit has been interpreted as requiring that the suggestion must be served upon non-parties, in particular, decedent's personal representatives pursuant to F.R.Civ.P. 4. *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985); *Barlow v. Ground*, 39 F.3d 231 (9th Cir.1994). Mere reference to the death in court proceedings by counsel, similar to the case at bar, is insufficient to trigger the period for filing a motion for substitution. *Gronowicz v. Leonard*, 109 F.R.D. 624 (S.D.N.Y.1986).

█ In the present case, Tonya Kessler's actual knowledge in October 1993 of her husband's death does not constitute a suggestion upon the record sufficient to have commenced the running of the ninety-day period pursuant to F.R.Civ.P. 25(a) as it was

neither made by a party nor did it identify a successor to the action. The offer of settlement made by decedent's attorney is insufficient as he is not a party to the action and a successor to the estate has not authorized him to act on decedent's behalf. The application for letters of administration also fails to be adequate suggestion because at the time of application, Tonya Kessler was not a party to the action. Finally, the claim made against the decedent's estate by his first wife in May 1993, falls short of qualifying as adequate notice pursuant to F.R.Civ.P. 4 as envisioned in F.R.Civ.P. 25(a) insofar as she was not a party to the action.

■■■■ Next, the court finds defendant's argument regarding excusable neglect to be without merit. In particular, the court finds the burden of showing excusable neglect has only been required in instances where a moving party has failed to move for substitution after adequate suggestion of death has been made upon the record. *Zeidman v. General Accident Insurance Company,* 122 F.R.D. 160 (S.D.N.Y.1988); *Farrington v. Benjamin,* 100 F.R.D. 474 (D.V.I.1984); *Ashley v. Illinois Central Gulf Railroad Company,* 98 F.R.D. 722 (S.D.Miss.1983). Relevant authority holds that timeliness for substitution exists in the event of inadequate service of suggestion of death. *Fariss,* 769 F.2d at 961. Since there has been no adequate suggestion, the ninety-day period has yet to run and defendant's argument concerning excusable neglect as it relates to F.R.Civ.P. 25(a) is of no avail.

As such, the court erred in its order of March 18, 1994 in dismissing the action upon the reasoning that a suggestion of death was made by plaintiff's counsel on November 4, 1993. Sufficient suggestion of death in accordance with F.R.Civ.P. 25(a) has never been made in order to commence the ninety-day period for substitution.

### Relief from Judgment

Based on the aforementioned, plaintiff claims that the apparent mistake in dismissing the action on March 18, 1994 warrants relief pursuant to F.R.Civ.P. 60(b)(1) and (6). Plaintiff insists that the motion to set aside the judgment is timely as it has been filed within a year according to the computation guidelines established in F.R.Civ.P. 6(a). In opposition, defendant maintains that plaintiff's motion was not filed within the one-year period nor was it filed within a reasonable time. Plaintiff has failed, according to defendant, to show timeliness, a meritorious defense, a lack of prejudice to non-movant and any exceptional circumstances necessitating relief under F.R.Civ.P. 60(b). *Werner v. Carbo,* 731 F.2d 204 (4th Cir.1984).

■■■■ As mentioned above, motions filed under F.R.Civ.P. 60(b)(1) must be made no later than one year after an order was entered or taken. In addition, any motions brought under either 60(b)(1) or (6) must be made within "a reasonable time." If not made within a reasonable time, albeit the one-year period has not expired, the motion will be rejected as untimely. 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (1973 and Supp.1995). What constitutes a reasonable time generally depends upon the facts in each individual case, but the court will consider whether the moving party had good reason for failure to take action sooner. Wright & Miller, *supra; Central Operating Company v. Utility Workers of America, AFL–CIO,* 491 F.2d 245 (4th Cir.1974).

■■■■ Having considered the computation rule under F.R.Civ.P. 6(a), the court finds that plaintiff's motion was filed within the prescribed one-year period. Furthermore, inasmuch as a proper suggestion of death in accordance with F.R.Civ.P. 25(a) has never been made in order to trigger the ninety-day period for substitution, the court is of opinion that its previous error warrants setting aside the March 18 order. It follows that plaintiff's 60(b) motion for relief was made within a reasonable time.

Accordingly, plaintiff's motion to set aside the order and to substitute Tonya Kessler is granted and the court's March 18 order dismissing the case is vacated.

The clerk is directed to reinstate this case to the active docket and set this matter for trial on the court's next available calendar. At its option, defendant has thirty days to resubmit its previous dispositive motions for

the court's consideration by filing the same with the clerk. Thereafter, time will be allotted for both a response and a reply.

SO ORDERED.