2000 ME 17

**ESTATE OF William KRUZYNSKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 30, 1999.

Decided Feb. 3, 2000.

---

Keith R. Varner, Lipman & Katz, P.A., Augusta, for appellant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Nicole Levine appeals from a judgment entered in the Waldo County Probate Court (*Mailloux, J.*) dismissing her petition for appointment as the personal representative of the Estate of William Kruzynski. Levine contends that the court erred by finding that the time limit for the appointment of a personal representative had expired. We affirm the judgment.

[¶ 2] On August 20, 1992, when Levine was fifteen years old, she was seriously injured in an automobile collision involving two vehicles. Levine was a passenger in one of the vehicles, and the other vehicle belonged to and was operated by Kruzynski, who had liability insurance. Kruzynski died on October 6, 1993. At the time of his death he was a resident of Waldo County. Levine did not learn of Kruzynski's death for at least three years.

[¶ 3] No probate proceedings regarding Kruzynski's estate were filed in the Waldo County Probate Court until March 30, 1999, when Levine filed a petition for formal adjudication of intestacy and appointment of a personal representative. In the petition Levine requested that she, as a creditor, be named personal representative. After a hearing, the court found that Kruzynski died intestate, and because more than three years had passed since his death, the court dismissed the petition.

[¶ 4] The court relied upon 18–A M.R.S.A. § 3–108(a) (1998) which states:

> For decedent's [*sic*] dying on or after January 1, 1981, no informal probate or appointment proceeding or formal testacy or appointment proceeding, ... may be commenced more than 3 years after the decedent's death, ....

The section provides for certain exceptions to the three-year deadline for appointment, but none apply in this case. *See* 18–A M.R.S.A. § 3–108(a)(1)–(3) (1998).

[¶ 5] Levine concedes that the appointment proceeding was not begun within three years of Kruzynski's death,[1] but she contends that another section of the Probate Code provides an exception to section 3–108(a) which is applicable to her situation. Specifically, she refers to 18–A M.R.S.A. § 3–803(c)(2) (1998). Section 3–803 bars a claim against an estate, arising before the death of the decedent, unless the claim is presented within the time limits set forth in that section. The relevant subsection states:

> (c) Nothing in this section affects or prevents:
>
> ....
>
> (2) To the limits of the insurance protection only, any proceeding to estab-

---

[1] Levine was a minor until February 22, 1995. We do not decide, because it is unnecessary to do so, whether the three-year period in section 3–108(a) was tolled by Levine's infancy until the date she reached her majority. She did not petition the Probate Court within three years of reaching her majority.

lish liability of the decedent or the personal representative for which the decedent or the personal representative is protected by liability insurance;

. . . .

18–A M.R.S.A. § 3–803(c)(2). In other words, when there is a claim which arose before the decedent's death and that claim is limited to the amount of the decedent's liability insurance, the time limitation in section 3–803 for presenting the claim is not applicable.

[¶ 6] Neither section 3–803(a), limiting the time within which claims must be presented, nor section 3–803(c)(2), the liability insurance exception, are applicable in this case because their application would be premature. Claims cannot be presented to an estate until there is a personal representative. *See* 18–A M.R.S.A. § 3–104 (1998) (requiring appointment to sue an estate) and 18–A M.R.S.A. § 3–804 (1998) (setting forth the procedure to present a claim to the personal representative). No personal representative was ever designated for Kruzynski's estate.

[¶ 7] A creditor can be named as a personal representative. *See* 18–A M.R.S.A. §§ 3–203(a)(6), 3–203(c) (1998) (setting order of priority for persons seeking appointment as personal representative).[2] A personal representative, however, must be appointed within three years of the death of the decedent. *See* § 3–108. Until the personal representative is appointed, the claim cannot be presented to the estate. Levine would like us to·apply the liability insurance exception, section 3–803(c)(2), to the three-year time limit in section 3–108 for the appointment of a personal representative. She wants us to hold that, when there is a personal injury claim against an estate and that claim is only for the amount of liability insurance held by the decedent, there is no time limit for the appointment of the personal representative.[3] We are unable to agree with Levine's interpretation of the statutory scheme. The insurance liability exception to the time bar for presenting claims to the estate is, by its terms, limited to the presentation of claims. *See* § 3–803(c)(2). Nothing in the language of the insurance liability exception indicates that it was intended to apply to the three-year time limitation for the appointment of a personal representative. The Probate Court did not err in refusing Levine's untimely request.

[¶ 8] Levine also argues that if the three-year statute is interpreted to deny her appointment request, she is deprived of her property in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. She relies on *Tulsa Professional Collection Serv., Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In that case the Court held that the Oklahoma nonclaim statute was unconstitutional because the only notice given to creditors of an estate, once the estate was admitted to probate, was publication notice which, under the principles established in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), was insufficient. The Court held that the intimate involvement of the Oklahoma probate court, once probate proceedings had been commenced, was state action which implicates the Due Process Clause thereby requiring actual notice to the known or reasonably ascertainable creditors of the estate. *See Pope,* 485 U.S. at 491, 108 S.Ct. 1340.

---

**2.** A creditor who seeks appointment as the personal representative within forty-five days of the death of the decedent has priority after any person nominated in the will, spouse, devisees, and heirs. *See* § 3–203(a). A person not listed in the order of priority can still be named a personal representative but only after others have failed to request an appointment after having been notified of the proceeding. *See* § 3–203(c).

**3.** Levine seems to argue that the only applicable statute of limitations is the general six-year statute of limitations for the filing of personal injury actions. *See* 14 M.R.S.A. § 752 (1980).

[¶9] This case is unlike *Pope.* Here there was no state action because there was no involvement of the Probate Court with the estate. In *Pope* the time bar did not begin to run until the probate proceedings were commenced. *See id.* at 487, 108 S.Ct. 1340. Time bars which are triggered by court proceedings are not self-executing statutes of limitation. *See id.* In *Texaco, Inc. v. Short,* 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982), the Court held that self-executing statutes of limitations do not implicate the Due Process Clause. Generally speaking, probate statutes of limitations which begin running from the date of the death of the decedent, rather than from a date established by the probate court proceedings, are self-executing. *See Estate of Decker v. Farm Credit Serv. of Mid–America,* 684 N.E.2d 1137, 1139–40 (Ind.1997) (holding that one-year nonclaim statute, running from the death of the decedent, is self-executing and does not implicate the Due Process Clause).

[¶10] In this case there was no state action because there was no court proceeding. The three-year statute started running at the date of Kruzynski's death. The action of the Probate Court in dismissing Levine's petition did not rise to the level of state action because the court's sole involvement was to determine that the statute of limitations had run. *See Short,* 454 U.S. at 533–36, 102 S.Ct. 781 (recognizing the difference between a self-executing statute and the subsequent judicial proceeding to determine that the statute of limitations has run). Because there was no state action in this case, there is no deprivation of Levine's due process rights.

The entry is:

Judgment affirmed.