STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-149

FILED & ENTERED
SUPERIOR COURT

JUN 03 2002

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

JUN 14 2002

David A. Kennedy,
    Plaintiff

v.

Order (Motion to Dismiss;
Motion to Amend)

Estate of Charles H. Voorneveld,
    Defendant

Pending before the court are the defendant's motion to dismiss and the plaintiff's motion to amend the complaint. The court has considered the parties' submissions filed in association with both motions.

**A. Motion to dismiss**

In his complaint, the plaintiff alleges that he sustained personal injury as the result of a motor vehicle accident caused by the negligence of Charles H. Voorneveld. He further alleges that he is a Maine resident, that the defendant was a Florida resident and that the defendant died on November 8, 1997. The accident is alleged to have occurred in Brewer, Maine "on or about" August 11, 1995. This action was commenced within the meaning of M.R.Civ.P. 3 when the complaint was filed on August 10, 2001. In its motion, the defendant argues that the pleadings themselves establish that this action is barred by the statute of limitations.

"A motion to dismiss tests the legal sufficiency of the complaint." McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Hall v. Board of Environmental Protection, 498 A.2d 260, 266

1

(Me. 1985). <u>See also</u> <u>Heber v. Lucerne-in Maine Village Co.</u>, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

Under Maine law, as a general matter, the period of limitations applicable to negligence actions is six years. 14 M.R.S.A. § 752. Under comparable Florida law, that period of limitations is four years. Fla. Stat. Ann. § 95.11(3)(a). Despite the defendant's argument to the contrary, Maine's statute of limitations controls. *See Ouellette v. Sturm, Ruger & Co., Inc.*, 466 A.2d 478, 482 (Me. 1983). The defendant seeks to overcome this presumptive rule through its contention that Florida's contacts and relationships with important aspects of this case are more significant than Maine's. *Adams v. Buffalo Forge Co.* 443 A.2d 932, 934 (Me. 1982); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (1969) ("In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties" unless another state has a more significant relationship to the occurrence and the parties, as determined under section 6 of the Restatement). Here, the plaintiff is a Maine resident, the alleged tortfeasor was present in Maine at the time of the accident, the accident itself occurred in Maine, and witnesses and other forms of evidence regarding liability and damages are likely to be predominantly based in Maine. *Cf. Tyson v. Whitaker & Son, Inc.*, 407 A.2d 1, 4 (Me. 1979), *recons. denied* 411 A.2d 389 (Me. 1980) (in determining personal jurisdiction, court must consider Maine's interest in providing a local forum for adjudication of claims arising out of injuries sustained in Maine). The record on this motion thereby demonstrates that Maine law is both the presumptive and in fact the best choice of governing authority. Consequently, the applicable period of limitations is six years rather than the four years that would control this action under Florida law. The plaintiff commenced this action on the day before it would have been barred under section 752. Therefore, based on the plaintiff's allegations of the accident date, the provisions of section 752 do not bar this action.

The defendant next argues that even if the timeliness of this action is determined by reference to Maine's six year period of limitations, it is still barred because the plaintiff failed to satisfy the requirements applicable to claims against estates. In support of this argument, the defendant proposes alternative analyses that rest on the probate laws of Maine and Florida. At the plaintiff's initiative, an estate to manage the affairs of the

2

alleged tortfeasor has been opened in Florida.[1] The defendant argues that the probate proceeding would not have been commenced early enough *under Maine law* to allow the timely commencement of the action at bar. However, the estate is to be probated in Florida, subject to the laws of that jurisdiction. Therefore, the resulting question is whether the estate was opened in a way that was timely *under Florida law*, rather than on the hypothetical basis of whether the estate would be proper had it been probated in Maine. In other words, if the Florida estate was not opened in a way that was timely under Florida law, then there does not exist a valid and proper party against whom this liability claim may be brought. On the other hand, if the estate properly exists under the laws that control that determination (namely, Florida law), then there exists a party against whom the plaintiff can proceed in the action at bar.

The parties do not dispute the applicable provisions of Florida statutory law requiring that claims against an estate must be filed within three months of the date when a notice of estate administration is first published or within two years of the death of the decedent, whichever comes first. Fla. Stat. Ann. §§ 733.702(1), 733.710. However, Florida law also allows liability claims to be filed against an estate, when those claims are within the scope of available liability insurance coverage, without an express period of limitation.[2] *See id.*, § 733.702(4)(b). Therefore, by its own terms, section 733.702(4)(b)

---

[1] The complaint does not make reference to the Florida probate proceeding. Rather, information regarding that matter is set out in the plaintiff's opposition to the defendant's motion to dismiss. In the defendant's reply to that opposition, the defendant does not object to the manner in which that information has been presented to the court, and in fact the defendant predicates its responsive arguments on the basis of that information. Under these circumstances, the court accepts the data regarding the status of the Florida proceeding and treats them as part of the record on this motion.

[2] In construing a similar provision of Maine law (18-A M.R.S.A. § 3-803(c)(2)), the Law Court concluded that the Maine Legislature did not intend relevant provisions of the Maine Probate Code to extend the period of limitations for claims against a Maine estate beyond the time in which a probate proceeding could be commenced under section 3-108. *In re: Kruzynski*, 2000 ME 17, § 7, 744 A.2d 1054, 1056. The Supreme Court of Florida, however, has construed the analogous Florida statute to allow a claimant to proceed against an estate, if that claim would be covered by liability insurance, even after the time within which an estate otherwise must be opened. *See Pezzi v. Brown*, 697 So.2d 883, 886 (Fla. App. 1997). Here, the question is whether, under Florida law, the alleged tortfeasor's estate was opened in a timely way. Therefore, that question must be

3

does not limit a claimant's right to initiate a Florida probate proceeding in order to create a party against whom a covered liability claim may be brought. The defendant then argues that notwithstanding the absence of any limitations within section 733.702(4)(b), the Florida Legislature must have intended to create an outside period of limitation of four years, because that is the period of limitations applicable to negligence claims generally. The defendant does not offer any specific authority in support of that position.

The insurance extension embodied in section 733.702(4)(b) is open-ended and not subject to any express limitations. Therefore, if the applicable period of limitations is four years from the date the claim accrued, then the defendant would be correct in arguing that the insurance extension can provide no more than four years when that action can be commenced against an estate. However, as is shown by the case at bar, that four year period of limitations is not always applicable to actions against Florida estates. Here, for example, the statute of limitations is six years. Therefore, this court cannot conclude that section 733.702(4)(b) was intended to bar all claims against an estate on the basis of a four year period of limitations.

**B. Motion to amend**

The plaintiff has moved to amend his complaint to bring his claim against Clifford M. Miller as the named personal representative of the alleged tortfeasor's estate and against the liability insurance carrier that, presumably, would provide coverage against the plaintiff's claim.

The motion will be granted to the extent that it seeks to identify the personal representative. In fact, as it now stands, the estate itself is the named defendant. Further, the defendant's objection based on lack of personal jurisdiction is without apparent merit. *See* 14 M.R.S.A. § 704(2). Any further objections based on lack of personal jurisdiction may be raised in a responsive pleading. *See* M.R.Civ.P. 12(b).

In his motion, the plaintiff does not explain the reason for including Nationwide Mutual Fire Insurance Company as a party-defendant. The court infers that its inclusion relates to the insurance extension provisions of the Florida probate laws. While the

---

answered on the basis of Florida law rather than on the basis of the Law Court's differing construction of the Maine's comparable statute.

Florida statute allows a claimant to commence a probate proceeding when liability insurance coverage exists for the benefit of the estate, such a provision does not justify inclusion of that carrier as a separate party to the liability action itself. Indeed, under Maine's reach and apply statute, any direct action against the alleged tortfeasor's carrier is premature. *See* 24-A M.R.S.A. § 2904.

The entry shall be:

For the foregoing reasons, the defendant's motion to dismiss is denied.

The plaintiff's motion to amend is granted in part. The complaint is amended to include Clifford M. Miller, Personal Representative of the Estate of Charles H. Voorneveld, as a party-defendant. Otherwise, the motion is denied.

The stay of pretrial proceedings, issued on December 7, 2001, is vacated effective the date of this order.

Dated: May 28, 2002

_____
Justice, Maine Superior Court

5

DAVID A KENNEDY  - PLAINTIFF

Attorney for: DAVID A KENNEDY
DONALD F BROWN
DONALD F BROWN ESQ
36 PENN PLAZA
BANGOR ME 04401

vs
CHARLES H VOORNEVELD THE ESTATE OF  - DEFENDANT

Attorney for: CHARLES H VOORNEVELD THE ESTATE OF
DANIEL MAWHINNEY
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

CLIFFORD M MILLER PR ESTATE C VOORNEVELD  - DEFENDANT

Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 08/10/2001

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2001-00149


DOCKET RECORD

## Docket Events:

05/14/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/10/2001

05/14/2002 NOTE - PRIOR ENTRIES IN MANUAL DOCKET ENTERED ON 08/10/2001

05/14/2002 ATTORNEY - RETAINED ENTERED ON 08/10/2001
          Attorney:  DONALD F BROWN

05/14/2002 ATTORNEY - RETAINED ENTERED ON 08/21/2001
          Attorney:  DANIEL MAWHINNEY

05/14/2002 ASSIGNMENT - SINGLE JUSTICE ASSIGNED TO JUSTICE ON 08/23/2001
          JEFFREY L HJELM , JUSTICE

06/03/2002 Party(s):  CHARLES H VOORNEVELD THE ESTATE OF
          MOTION - MOTION TO DISMISS FILED ON 01/11/2002
          WITH INCORPORATED MEMORANDUM OF LAW, DRAFT ORDER, AND REQUEST FOR HEARING.

06/03/2002 Party(s):  CHARLES H VOORNEVELD THE ESTATE OF
          MOTION - MOTION TO DISMISS DENIED ON 05/28/2002
          JEFFREY L HJELM , JUSTICE
          SEE ORDER ON MOTION TO DISMISS.

06/03/2002 Party(s):  DAVID A KENNEDY
          MOTION - MOTION TO AMEND PLEADING FILED ON 01/31/2002
          WITH INCORPORATED MEMORANDUM OF LAW.

06/03/2002 Party(s):  DAVID A KENNEDY
          MOTION - MOTION TO AMEND PLEADING GRANTED ON 05/28/2002
          JEFFREY L HJELM , JUSTICE
          GRANTED IN PART.  SEE ORDER ON MOTION.

Printed on: 06/11/2002