2003 ME 104

Paul THORNTON

v.

Richard ADAMS.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 26, 2003.

Decided: Aug. 7, 2003.

Michael J. Welch, Hardy, Wolf & Downing, Lewiston, for the plaintiff.

Roger J. O'Donnell, Robert V. Hoy, O'Donnell, Hoy, Latorre & Main, Scarborough, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Richard Adams appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) granting in part his motion to dismiss Thornton's complaint but doing so without prejudice. Adams contends that the Superior Court erred in failing to dismiss Thornton's complaint *with* prejudice. Finding no error, we affirm the judgment.

## I. BACKGROUND

[¶ 2] After a motor vehicle collision in April 1998, Thornton filed a complaint against Adams in August 2001, alleging that, driving too fast, Adams "negligently and carelessly" drove into the rear of Thornton's car, causing Thornton "great injuries of mind and body." While the action was pending, Adams died. On April 19, 2002, pursuant to M.R. Civ. P. Rule 25(a)(1),[1] his counsel filed a suggestion of

---

1. M.R. Civ. P. 25(a)(1) provides,
   If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for

death upon the record and on October 15, 2002, moved to dismiss the action because Thornton had "failed to serve a timely Motion for Substitution of Parties and Request for Hearing within ninety (90) days after the Suggestion of Death Upon the Record of Defendant Richard Adams." Thornton does not dispute that he did not file a motion for substitution within ninety days. He states in his affidavit that he was "under the impression" that opposing counsel would handle the matter for him.[2]

[¶ 3] On November 12, 2002, Thornton filed a motion for leave to file a late motion for substitution of parties, which Adams opposed. After a hearing, the trial court denied Thornton's motion for leave to file a late motion for substitution of parties, but granted in part Adams's motion to dismiss by dismissing Thornton's complaint *without* prejudice "subject to the limitation

found at 18–A M.R.S.A. § 3–803(c)(2)."[3] The ruling limited recovery in any second action to liability insurance proceeds.[4] This appeal followed.

## II. DISCUSSION

[¶ 4] Adams contends that the case must be dismissed *with* prejudice because "[a]ny other result would undermine the purpose of Rule 25," which is to bring finality and closure to the matter within the defined period. He concludes that the court's "exercise of purported discretion to keep this case alive despite finding that there was no excusable neglect was a clear abuse of discretion." In other words, according to Adams, the only basis for deviating from the rigid Rule 25 standard after the ninety-day period has expired is a finding of "excusable neglect" under Rule 6(b);[5] ab-

---

the service of the motion, the action shall be dismissed as to the deceased party.

2. In his affidavit, Thornton's attorney admitted, "[w]hen Attorney O'Donnell [Adams's counsel] filed his suggestion of death on the record, I was under the impression that he was planning to establish an estate for Richard Adams and move to substitute the estate for Mr. Adams as the defendant.... Time passed, and laboring under what has since become clear as the misconception that Mr. O'Donnell would be handling that housekeeping aspect of the case, I did nothing to substitute parties."

3. Although subsection 3–803(b) provides that "[a]ll claims against a decedent's estate which arise at or after the death of the decedent ... are barred against the estate" unless presentation requirements are observed, 18–A M.R.S.A. § 3–803(b) (1998), subsection 3–803(c)(2) exempts from that provision tort claims involving liability insurance, 18–A M.R.S.A. § 3–803(c)(2) (Supp.2002). In relevant part, section (c) provides, "[n]othing in this section affects or prevents ... (2)[t]o the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which the decedent or the personal representative is

protected by liability insurance ...." 18–A M.R.S.A. § 3–803(c) (Supp.2002).

4. Thornton asserts that "Adams was insured by State Farm, which has been providing a defense and will provide indemnity to the estate of Mr. Adams." In his affidavit, Thornton's counsel stated, "Mr. Adams had an applicable auto liability insurance policy whose proceeds will indemnify the Adams state [sic] as they would have indemnified Mr. Adams himself.... State Farm Insurance has been providing a defense and was prepared to provide indemnity to Mr. Adams, as it is legally obligated to do to his estate."

5. M.R. Civ. P. 6 deals with time for service and filing of pleadings and other papers. Rule 6(b) provides:

**Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made *after the expiration* of the specified

sent that, Rule 25 permits no judicial discretion, only a dismissal with prejudice.

[¶ 5] Rule 25(a)(1) provides in pertinent part that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death ... the action shall be dismissed as to the deceased party." Rule 25(a)(1) does not specify whether the dismissal must be with prejudice or may be without prejudice.

[¶ 6] Pursuant to M.R. Civ. P. 41(b)(3), a trial court may order an involuntary dismissal without prejudice: "Unless the court in its order for dismissal otherwise specifies ... any dismissal not provided for in this rule ... operates as an adjudication upon the merits." The language permitting a court to "otherwise specify" provides a court with the discretion to dismiss a case with or without prejudice. *See Chute v. Lajoie,* 383 A.2d 653, 654 n. 2 (Me.1978) ("Under Rule 41(b)(3) ... a dismissal with prejudice is the ordinary sanction *unless otherwise provided.*") (emphasis added); *Dep't of Human Servs. v. Vining,* 617 A.2d 555, 557–58 (Me.1992) ("[U]nder Rule 41(b)(3), the court has discretion in determining whether the dis-

missal shall be with prejudice.... The court can ... provide that dismissal as to one or more plaintiffs operate [sic] without prejudice.") [6]

[¶ 7] By excluding the estate's assets from any future action, the trial court's decision obviates the concern that the closing and distribution of estates might "be interminably delayed." *See Anderson v. Yungkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947) (holding that the statute upon which the federal and Maine versions of Rule 25(a) are based is "like other statutes of limitations, ... a statute of repose. It was designed to keep short the time within which actions might be revived so that the closing and distribution of estates might not be interminably delayed.")

[¶ 8] To prevent interminable delays, the Maine probate code provides time limits for presentation of claims, *see* 18–A M.R.S.A. § 3–803 (1998 & Supp.2002). Nonetheless, it exempts from those time limits "any proceeding to establish liability of the decedent or the personal representative for which the decedent or the personal representative is protected by liability insurance," but only to the limits of the insurance protection. *Id.* § 3–803(c)(2)

---

period permit the act to be done *where the failure to act was the result of excusable neglect ....*
(emphasis added).

**6.** Another rationale for concluding that the court did not abuse its discretion in dismissing without prejudice is that in his suggestion of death upon the record, Adams's counsel failed to identify a personal representative to be substituted for Adams (because the estate had not been opened). *See Estate of Mouckerezi,* 468 A.2d 993, 995 (Me.1983) (" 'Rule 25(a) provides for substitution of the executor or administrator of a deceased person as a party to an action in which the decedent was either plaintiff or defendant ....' ") (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 25.1 at 406 (2d ed.1970)).

Several courts have held an alleged suggestion of death insufficient to start the Rule 25(a)(1) ninety-day clock running when the suggestion did not identify a representative or successor who could be substituted as a party. *See, e.g., Kessler v. Southeast Permanente Med. Group,* 165 F.R.D. 54, 56 (E.D.N.C.1995); *Young v. Patrice,* 832 F.Supp. 721, 724–25 (S.D.N.Y.1993); *Gronowicz v. Leonard,* 109 F.R.D. 624, 627 (S.D.N.Y.1986). *See also,* Thomas Fusco, *Sufficiency of Suggestion of Death of Party, Filed Under Rule 25(a)(1) of Federal Rules of Civil Procedure, Governing Substitutions of Party After Death,* 105 A.L.R. Fed. 816 (1991) (collecting and analyzing federal cases that decided whether a suggestion of a party's death upon the record was sufficient under Federal Rule 25(a)(1)).

(Supp.2002). Thus, interminable delay is not a cause for concern here because any recovery will be limited to the amount of insurance coverage and the assets of the estate will be off limits. In these circumstances, we conclude that the court did not exceed the bounds of its discretion in dismissing the complaint without prejudice.

The entry is:

Judgment affirmed.