MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 40
Docket:        Yor-13-384
Argued:        February 12, 2014
Decided:       March 6, 2014

Panel:         ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

## ESTATE OF ROBERT L. COLLOPY

PER CURIAM

[¶1]  The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-6CB Mortgage Pass-Through Certificates, Series 2006-6CB, appeals from the York County Probate Court's (*Nadeau, J.*) dismissal of its petition for the appointment of a special administrator for the Estate of Robert L. Collopy.  The Bank argues that the court erred in dismissing its petition as untimely and contends that as a mortgagee it is not subject to the three-year time limit for the filing of formal appointment proceedings provided in 18-A M.R.S. § 3-108(a) (2006).[1]

---

[1]  Title 18-A M.R.S. § 3-108(a) (2006) provides in relevant part:

> **(a)** For a decedent dying on or after January 1, 1981, no informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than 3 years after the decedent's death . . . .

Section 3-108(a) was subsequently amended in 2009, P.L. 2009, ch. 368, §§ 1-3 (effective Sept. 12, 2009) (codified at 18-A M.R.S. § 3-108(a) (2013)), however, the amendment is not material to our analysis in this case.

2

[¶2] In January of 2006, Countrywide Home Loans, Inc., issued a mortgage to Robert L. Collopy. Collopy died in May of 2006, shortly after having transferred the mortgaged property to the Robert and June Collopy Family Trust. No formal or informal probate proceedings were commenced regarding Collopy's estate.

[¶3] Payments continued to be made on the mortgage until sometime in 2009, after which payments stopped. In July of 2010, the Bank assumed trustee responsibility for administration of the mortgage. In August of 2010, the Bank filed an action in the District Court (York) to foreclose on the mortgage, naming as the defendant Robert Collopy both in his individual capacity and as trustee of the trust.

[¶4] Collopy's heir and co-trustee of the trust, Bobbie King, defended against the 2010 foreclosure action.[2] Among her defenses, King asserted that although the mortgage documents identified the address of a residential property to describe the security for the mortgage, the property description attached to the mortgage described only a small commercial property adjacent to the residential property.

---

[2] The Bank has never moved to amend the foreclosure action to include King and the other co-trustee as defendants.

[¶5]   In June of 2013, shortly after an unfavorable ruling by the District Court on a motion in limine in the foreclosure action, the Bank filed a petition for the formal appointment of a special administrator to Collopy's estate in the York County Probate Court.  *See* 18-A M.R.S. § 3-614(2) (2013).  The Probate Court dismissed the petition as untimely pursuant to 18-A M.R.S. § 3-108(a), which prohibits the initiation of appointment proceedings "more than 3 years after the decedent's death."

[¶6]   Contrary to the Bank's contentions, section 3-108(a) unambiguously bars the commencement of all appointment proceedings—when there has been no prior appointment—three years after the decedent's death and does not contain an exception for secured creditors.  The portions of the Probate Code that exempt secured creditors from certain procedures regarding the presentation and enforcement of claims against an estate, such as 18-A M.R.S. §§ 3-104, 3-803(c)(1) (2013), do not extend to the time limitations of section 3-108(a). *See Estate of Kruzynski*, 2000 ME 17, ¶ 7, 744 A.2d 1054 (holding that the petition of a personal injury creditor to be designated personal representative of an estate was properly denied for having been filed outside the three-year limitations period in section 3-108(a)).  The referenced portions of the Probate Code are intended to preserve the security interest in the property and protect the capacity of secured

creditors to maintain actions for collection or foreclosure, such as the pending action in the District Court. Accordingly, the Bank's petition was untimely.

The entry is:

Judgment affirmed.

---

**On the briefs:**

John A. Doonan, Esq., and Jenai J. Cormier, Esq., Doonan, Graves & Longoria, LLC, Beverly, Massachusetts, for appellant Bank of New York Mellon

Patrick S. Bedard, Esq., Bedard & Bobrow, P.C., Eliot, for appellee Robert and June Collopy Family Trust

**At oral argument:**

John P. McVeigh, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellant Bank of New York Mellon

Patrick S. Bedard, Esq., for appellee Robert and June Collopy Family Trust

York County Probate Court docket number 2013-561
FOR CLERKS REFERENCE ONLY