ENTERED OCT 1 5 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-222
CMM-TDW-10-10-14

MARGARET F. INC.,

Plaintiff,

v.

ORDER

G. FIORENTINO MARINE SALES
and GERRARD FIORENTINO,

Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 1 4 2014

RECEIVED

Before the court are defendants' motion to dismiss and plaintiff's motion for summary judgment.

Defendants' motion to dismiss is based on the death of Gerrard Fiorentino, which was noted on a suggestion of death filed by defense counsel on January 28, 2014. The suggestion of death stated that the other defendant in the case, G. Fiorentino Marine Sales, was a sole proprietorship. The suggestion of death stated that counsel was in the process of trying to make contact with Mr. Fiorentino's estate and sought a consented-to 90 day stay for that purpose. The stay was ordered on January 31, 2014.

On May 1, plaintiff moved to continue the stay by agreement for an additional 30 days, stating that neither counsel had yet located a personal representative or heir. That stay expired on June 1, 2014.

On June 2, defendants filed a motion to dismiss on the ground that no motion to substitute had been filed within 30 days of the suggestion of death. Plaintiff opposed that motion on the ground that the 30 days had been extended by the stays granted by the court and on the

ground that defendants' suggestion of death had not named a personal representative who could be substituted.

On June 11 plaintiffs filed a motion for summary judgment, based on several affidavits and on a request for admissions that had not been timely responded to. Defendants did not oppose the motion for summary judgment on the merits but reiterated the arguments made in the June 2 motion to dismiss.

Defendants' motion to dismiss is denied. As to Mr. Fiorentino, although M.R.Civ.P. 25 states that an action "shall" be dismissed if no motion to substitute is made 90 days after a suggestion of death on the record, the 90 day time period did not run here because of the stays entered by the court and because the suggestion of death did not name a personal representative who could be substituted. See Thornton v. Adams, 2003 ME 104 ¶ 6 n.6, 829 A.2d 517.

As to G. Fiorentino Marine Sales, defendants have stated but have provided no affidavit or other documentation that G. Fiorentino Marine Sales was a sole proprietorship. If it was a sole proprietorship, then plaintiff's claim against it merges with plaintiff's claim against Mr. Fiorentino. If it is not a sole proprietorship, plaintiff's claim can continue against G. Fiorentino Marine Sales.

Plaintiff's motion for summary judgment has not been opposed on the merits but cannot be granted at this time because it is undisputed that Gerrard Fiorentino is dead and judgment cannot be entered against a deceased person. As against G. Fiorentino Marine Sales, plaintiff has pointed out that defendants' answer admits that G. Fiorentino Marine Sales is a business entity. However, that does not establish the absence of any dispute that G. Fiorentino Marine Sales is not a sole proprietorship. A sole proprietorship is one kind of a business entity.

Some more discovery and/or factual development appears necessary as to the status of G. Fiorentino Marine Sales. Without disclosing any attorney client communications, defense counsel can advise plaintiff whether defense counsel still has a client and if so, who is acting for the client. Moreover, under Maine law a creditor can obtain the appointment of a personal

2

representative if no one else steps up, see In re Estate of Kruzynski, 2000 ME 17, 744 A.2d 1054, and California may have a similar provision.

The entry shall be:

Defendants' motion to dismiss is denied. Plaintiff's motion for summary judgment is denied without prejudice. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 10, 2014

Thomas D. Warren
Justice, Superior Court

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

THOMAS DOUGLAS ESQ
DOUGLAS MCDANIEL CAMPO & SCHOOLS LLC PA
90 BRIDGE STREET
WESTBROOK ME 04092    Defendant's Attorney

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

TIMOTH  STEIGELMAN ESQ  Plaintiff's Attorney
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597