2012 ME 141

**Mark CHAPMAN**

v.

**Lawrence ROBINSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 11, 2012.

Decided: Dec. 28, 2012.

Mark Chapman, appellant pro se.

Jennifer E. Thomas, Esq., Beagle & Ridge, LLC, Portland, for appellee Lawrence Robinson.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1] Mark Chapman appeals from a judgment entered by the District Court (Portland, *Eggert, J.*) after a nonjury trial on Chapman's complaint for protection from harassment brought against his former landlord, Lawrence Robinson. *See* 5 M.R.S. §§ 4651(2), 4654(1) (2011). The court granted Robinson's motion for judg-

ment as a matter of law, *see* M.R. Civ. P. 50(d), after Chapman presented his case. Chapman argues that the court should not have reached its decision without affording Chapman the opportunity to play certain audio recordings and that the court should not have entered judgment as a matter of law. We affirm the judgment.

## I. BACKGROUND

[¶ 2] On March 8, 2012, Chapman filed a complaint seeking temporary and permanent orders of protection from harassment against Robinson. Among other things, he alleged that he is a blind person who was evicted without being given information in a format that he could understand and that various conditions in Robinson's building were unsafe or defective during Chapman's tenancy. Chapman later filed an amended complaint that added allegations, including that he had been verbally and physically assaulted while in the building that Robinson owned.

[¶ 3] The court (*Mulhern, J.*) denied Chapman's request for a temporary order of protection, and Chapman appealed to us. We dismissed the appeal as interlocutory.

[¶ 4] The hearing on Chapman's request for a permanent order was scheduled for March 26, 2012, but Chapman failed to appear, and the court (*Moskowitz, J.*) dismissed the case. With assistance from the court clerk's office to produce a motion in writing, Chapman moved to set aside the default judgment. The court granted his motion.

[¶ 5] The hearing was ultimately held on May 7, 2012. Chapman had not obtained counsel during the time after his default,[1] and he did not seek any accommodation related to his visual limitations at the hearing. Although he had made extensive allegations in his pleadings, Chapman offered little evidence to the court (*Eggert, J.*) during the trial itself, and he declined to answer most of the questions from Robinson's counsel during cross-examination. Chapman testified only that, while he was living, with assistance from the federal Section 8 program, in Portland property that Robinson owned, Robinson had hired attorneys using federal funds, had entered Chapman's apartment or had his agents do so, had done something with the locks on the doors, had been involved in having the water shut off in Chapman's apartment, and had "obscured" evidence relevant to Chapman's claim for protection from harassment. Chapman's primary complaints related to his belief that the eviction from Robinson's property had not been accomplished according to law and that Robinson was biased against him. Chapman testified that he was forced out of the housing and moved to another apartment. On cross-examination, Chapman declined to answer specific questions from Robinson's attorney regarding the lack of any recent contact with Robinson and declined to indicate how long he had by then lived in his new apartment. He did concede that he had not had contact with Robinson for one or two months.

[¶ 6] Chapman also told the court that he had unspecified digital information on a compact disc that he speculated had been damaged by courthouse entry-screening equipment. Despite an invitation from the court to summarize the contents of the digital recording, or to provide the files from his computer if it was available, Chapman offered no testimony about what Robinson had said, did not make his computer available, and testified only that the electronic files contained evidence of abuse

---

1. To the extent that Chapman argues that he was entitled to counsel at the State's expense in this proceeding, no such right exists in statutory, constitutional, or case law.

and harassment. Chapman did not present any additional witnesses.

[¶ 7] Robinson moved for the entry of judgment as a matter of law after Chapman had presented his case, and the court granted the motion. The court determined that, even accepting all of Chapman's testimony as true, Chapman failed to demonstrate abuse or harassment within the meaning of the statute. The court entered a written judgment, and Chapman timely appealed.

## II. DISCUSSION

### A. Audio Recording

[¶ 8] We review rulings on the admissibility of evidence for clear error or an abuse of discretion. *See Eaton v. Town of Wells,* 2000 ME 176, ¶ 44, 760 A.2d 232. At trial, Chapman represented to the court that he possessed recordings showing harassment or abuse by Robinson, but that the recordings were damaged by the courthouse entry screening. In his brief, Chapman contends that his audio recordings, possibly of Robinson making specific statements, were deleted or damaged in his apartment while he was out. Regardless of the reason, the recordings were apparently unavailable at the time of trial, and Chapman did not testify or obtain any testimony from Robinson about the substance of the conversations that he purports to have recorded and lost. When offered an opportunity to present the evidence in a different or summarized form, Chapman did not do so. *See* M.R. Evid. 801(d)(2)(A) ("A statement is not hearsay if ... [t]he statement is offered against a party and is the party's own statement."). On this record, the court did not err or abuse its discretion in proceeding based on the evidence that was presented at trial.

### B. Motion for Judgment as a Matter of Law

[¶ 9] "The standard of review that applies when reviewing a judgment entered on a motion for judgment as a matter of law, pursuant to ... M.R. Civ. P. 50(d), in a nonjury trial depends on whether the trial court made findings of fact." *St. Louis v. Wilkinson Law Offices, P.C.,* 2012 ME 116, ¶ 14, 55 A.3d 443. "When the trial court has entered the judgment solely on the sufficiency of the evidence, without determining the facts, the judgment is reviewed as though it were entered pursuant to M.R. Civ. P. 50(a)." *Id.* (quotation marks omitted). In those circumstances, we will "consider the evidence and every justifiable inference from the evidence in the light most favorable to the party against whom the judgment was entered." *Id.* (quotation marks omitted). When the court has reached findings, we will "accept those findings unless they are clearly erroneous." *Id.* ¶ 15.

[¶ 10] Because the court granted Robinson's motion for judgment as a matter of law based on a determination that the evidence was insufficient to demonstrate harassment, we will review this judgment by considering all evidence and every justifiable inference from that evidence in the light most favorable to Chapman to determine whether the evidence could support a finding of harassment. *See St. Louis,* 2012 ME 116, ¶ 14, 55 A.3d 443; *Nightingale v. Leach,* 2004 ME 22, ¶ 2, 842 A.2d 1277; *see also* M.R. Civ. P. 50.

[¶ 11] Chapman could demonstrate harassment as defined by statute, 5 M.R.S. §§ 4651(2), 4654(1), by establishing, by a preponderance of the evidence, that Robinson

A. Directed "[t]hree or more acts of intimidation, confrontation, physical force or the threat of physical force"

against him "with the intention of causing fear, intimidation or damage to property and that d[id] in fact cause fear, intimidation or damage to property";

B.  Committed "[t]hree or more acts . . . with the intent to deter the free exercise or enjoyment of any rights or privileges secured by the Constitution of Maine or the United States Constitution"; or

C.  Committed "[a] single act or course of conduct constituting a violation of section 4681 [violations of constitutional rights]; [2] Title 17, section 2931 [interference with constitutional and civil rights]; [3] or Title 17–A, sections 201 [murder], 202 [felony murder], 203 [manslaughter], 204 [aiding or soliciting suicide], 207 [assault], 208 [aggravated assault], 209 [criminal threatening], 210 [terrorizing], 210–A [stalking], 211 [reckless conduct], 253 [gross sexual assault], 301 [kidnapping], 302 [criminal restraint], 303 [criminal restraint by parent], 506–A [criminal harassment], 511 [violation of privacy], 556 [incest], 802 [arson], 805 [aggravated criminal mischief] or 806 [criminal mischief]."

5 M.R.S. § 4651(2).[4] The statutory definition "does not include any act protected by law." *Id.*

[¶ 12]  Even taken in the light most favorable to Chapman, the evidence presented at trial failed to establish harassment by a preponderance of the evidence on any of these grounds because of the absence of any evidence that Robinson had the intention to cause fear, intimidate, damage property, or deter or interfere with the exercise of constitutional rights. *See id.* §§ 4651(2), 4654(1).

2.  This statute allows the Attorney General to bring an action when a person

> intentionally interferes or attempts to intentionally interfere by physical force or violence against a person, damage or destruction of property or trespass on property or by the threat of physical force or violence against a person, damage or destruction of property or trespass on property with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State or violates section 4684–B.

5 M.R.S. § 4681(1) (2011). Section 4684–B includes only one potentially applicable provision:

> 2.  **Violation.** It is a violation of this section for any person, whether or not acting under color of law, to intentionally interfere or attempt to intentionally interfere with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State by any of the following conduct:

> A.  Engaging in the physical obstruction of a building.

5 M.R.S. § 4684–B (2011). Chapman failed to present any evidence regarding Robinson's intention to violate or interfere with Chapman's constitutional rights.

3.  This statute provides,

> A person may not, by force or threat of force, intentionally injure, intimidate or interfere with, or intentionally attempt to injure, intimidate or interfere with or intentionally oppress or threaten any other person in the free exercise or enjoyment of any right or privilege, secured to that person by the Constitution of Maine or laws of the State or by the United States Constitution or laws of the United States.

17 M.R.S. § 2931 (2011). Chapman failed to present any evidence regarding Robinson's intention to interfere with Chapman's constitutional rights.

4.  The Legislature recently amended 5 M.R.S. § 4651(2)(A) to specify "damage to *personal* property" and repealed 5 M.R.S. § 4651(2)(B). *See* P.L.2011, ch. 559, §§ C–1, C–2 (effective Aug. 30, 2012) (to be codified at 5 M.R.S. § 4651(2)) (emphasis added).

[¶ 13]   To the extent that Chapman presented allegations and testimony about the fairness of other legal proceedings, his allegations and testimony do not constitute evidence of harassment or demonstrate any deprivation of due process in the current proceedings.   Rather, the record in this protection from harassment matter demonstrates that court staff ensured that Chapman was able to make his motion to set aside the default judgment in writing, the court reinstated the case upon that motion, and the court afforded Chapman a full opportunity to testify about any threat that Robinson might present to Chapman. In short, the court ensured that Chapman had the full and fair opportunity to present his case at trial.   Based on the record that was generated by that trial, we affirm the court's entry of judgment for Robinson as a matter of law.

The entry is:

Judgment affirmed.