MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 29
Docket:        Pen-12-341
Submitted
 On Briefs:    February 26, 2013
Decided:       March 12, 2013

Panel:         ALEXANDER, LEVY, SILVER, <u>MEAD</u>, GORMAN, and JABAR, JJ.

## ESTATE OF MARGARET C. GRAY

MEAD, J.

[¶1]   Ernest L. Gray III (Gray) appeals from a judgment entered by the Penobscot County Probate Court (*Woodcock, J.*) finding a claim made by his sister, Elizabeth M. Tasker, against their late mother's estate to be timely and awarding Tasker $45,419.46 as reimbursement for estate expenses that she paid after Margaret C. Gray's death.  Gray contends that the majority of Tasker's claim was time-barred.  We agree that the court incorrectly applied the statute of limitations and vacate the judgment.

## I.  BACKGROUND

[¶2]   Margaret C. Gray died testate on June 25, 2007, devising her estate in equal shares to Gray and Tasker, her two surviving children.  At the time of Margaret's death the estate consisted of three parcels of real property, one of them being her home.

2

[¶3] Tasker testified at the probate hearing that in 2005 she began handling Margaret's financial affairs. After Margaret died, her retirement payments stopped, and Tasker continued to pay the estate's bills with her personal funds. The estate's expenses included mortgage payments, insurance, property taxes, utilities, and maintenance. Tasker testified that she made the mortgage payments and paid the electric bill at Ernest Gray's request, and that Gray did not pay any of the bills himself, nor did he offer to do so. Gray testified at the hearing that he had no agreement with Tasker that she pay the mortgage or the other bills, and that he "had no idea who was paying these bills," although he assumed that somebody was paying them based on his observations of the property and inquiries he made at the town office. Gray paid Margaret's funeral bill of $3610.

[¶4] In April 2010, Tasker filed Margaret's will and petitioned to be named the personal representative. Gray objected to the petition. The court allowed the will, denied Tasker's request, and on September 30, 2010, named Attorney Joel Dearborn as personal representative (PR). The PR caused a creditor's notice to be published in the Bangor Daily News beginning on October 16, 2010.

[¶5] Following the PR's appointment Tasker offered to keep paying the estate's bills; Dearborn testified that because "there were no liquid assets to make those payments," he "readily accepted her doing that." On January 19, 2011,

Tasker filed a reimbursement claim against the estate for $40,871.25. Gray made a reimbursement claim against the estate for $3610. The PR disallowed both claims.

[¶6] On March 30, 2011, the PR petitioned the court for instructions pursuant to 18-A M.R.S. § 3-704 (2012) on the ground that "the Devisees both object to a majority of the claims made by the other." Tasker and Gray each filed a petition asking the court to resolve their respective claims. The court held a hearing at which Tasker, Gray, and the PR testified. On June 21, 2012, the court filed its judgment finding both claims to be timely. It allowed all of Gray's claim and the majority of Tasker's, disallowing only her claim for reimbursement of telephone bills. Gray appealed the allowance of Tasker's claim; Tasker has not cross-appealed.

## II.  DISCUSSION

[¶7] "Whether a claim is barred by the statute of limitations is a question of law, reviewed de novo." *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 9, 977 A.2d 420 (quotation marks omitted). "[W]e strictly construe statutes of limitation." *Lloyd v. Estate of Robbins*, 2010 ME 59, ¶ 12, 997 A.2d 733. "A Probate Court cannot authorize an administrator to pay a claim after the claim has been barred from payment pursuant to the statute," and to do so is an error of law. *Estate of Staples*, 672 A.2d 99, 101-02 (Me. 1996).

4

[¶8] There is no dispute that, apart from a few de minimis items, Tasker's claim arose after Margaret's death. In that circumstance, the Probate Code provides that

> [a]ll claims . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
>
> (1) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due; or
>
> (2) Any other claim, within the later of 4 months after it arises, or [9 months of the decedent's death[1]].

18-A M.R.S. § 3-803(b) (2012). Accordingly, absent a contract with the PR, until Tasker's claim was presented[2] the multiple items for which she sought reimbursement were time-barred four months after they arose.

[¶9] The court erred in finding that because Tasker's claim was filed within four months of first publication of the creditor's notice in the Bangor Daily News, it was timely. That period of limitation is only applicable to claims "which arose *before* the death of the decedent." 18-A M.R.S. § 3-803(a) (2012) (emphasis

---

[1] Tasker's claim was filed almost forty-three months after Margaret died.

[2] Although "[c]laims cannot be presented to an estate until there is a personal representative," *Estate of Kruzynski*, 2000 ME 17, ¶ 6, 744 A.2d 1054, and "[n]o proceeding to enforce a claim against the estate . . . may be . . . commenced before the appointment of a personal representative," 18-A M.R.S. § 3-104 (2012), which did not occur in this case until September 30, 2010, Tasker could have presented her claim directly to the court at any time and thus avoided a potential time-bar, 18-A M.R.S. § 3-804(4) (2012).

added). Moreover, even if Tasker's claims had arisen before Margaret's death, the time-from-first-publication period of limitation would be inapplicable because first publication occurred more than nine months after Margaret's death. *See id.* (providing that claims arising before death are barred unless presented "within the *earlier* of" four months following first publication or nine months following the death of decedent (emphasis added)).

[¶10] Tasker's argument that the PR waived the statute of limitations fails because the PR could not do so unless he had "the consent of all successors whose interests would be affected." 18-A M.R.S. § 3-802(a) (2012). The court did not find that the PR had Gray's consent; instead, it explicitly did not reach the issue of waiver because it found Tasker's claim to be timely. Tasker also argues that even if her statutory claim is time-barred she nonetheless has an equitable claim for unjust enrichment, but the court likewise explicitly did not reach that issue.

[¶11] Because the court (1) incorrectly applied the statute of limitations and as a result (2) did not consider Tasker's claims of waiver and unjust enrichment, we vacate the judgment and remand for application of the correct period of limitation and consideration of all claims and defenses that are raised by the parties and found appropriate for consideration by the court.[3]

---

[3] We take judicial notice of the fact that the probate judge who originally heard this matter has retired. On remand the Probate Court may, in its discretion, hold a new testimonial hearing and consider the evidence, claims, and defenses de novo.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Bryan M. Chabot, Esq., Scaccia, Bartlett & Chabot, Sanford, for appellant Ernest L. Gray III

Marvin H. Glazier, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, for appellee Elizabeth Tasker

Joel A. Dearborn, Esq., Joel A. Dearborn, Sr., Esq., P.A., Brewer, for appellee Estate of Margaret C. Gray